UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNERSTONE COMMUNITY ALCOHOL AND OTHER DRUG RECOVERY SYSTEM dba KINGS GOSPEL MISSION, a Nonprofit Organization,<br><br>Plaintiff,<br><br>v.<br><br>SERVICE AMERICAN INDEMNITY COMPANY, an Oklahoma Corporation; TANGRAM INSURANCE SERVICES, INC., a California Corporation; ARTHUR J. GALLAGHER & CO., an Illinois Corporation; and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 1:22-cv-00225-SKO<br><br>**ORDER GRANTING DEFENDANT ARTHUR J. GALLAGHER & CO.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT ARTHUR J. GALLAGHER & CO. WITH LEAVE TO AMEND**<br><br>**[Doc. 6]**<br><br>**[30-Day Deadline]** |

**I.   Introduction**

On October 28, 2021, Plaintiff Cornerstone Community Alcohol And Other Drug Recovery System, dba Kings Gospel Mission, ("Cornerstone") commenced this action in the Kings County Superior Court against Defendants Service American Indemnity Company ("SAIC"), Tangram Insurance Services, Inc., ("Tangram"), and Arthur J. Gallagher & Co. ("Gallagher").  On December 2, 2021, Plaintiff filed a First Amended Complaint ("FAC"),

voluntarily dismissing Defendant Tangram. The FAC alleges five causes of action for breach of contract, equitable estoppel, breach of implied covenant of good faith and fair dealing, negligent performance of contract, and declaratory judgment. On February 22, 2022, Defendant Gallagher removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3), insofar as this Court has original jurisdiction over Plaintiff's claims on the basis of diversity pursuant to 28 U.S.C. § 1332. (Doc. 1.)

On March 1, 2022, Defendant Gallagher filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. Rule 12(b)(6) based on failure to state a claim. (Doc. 6.) On March 15, 2022, Plaintiff filed an opposition to the motion to dismiss. (Doc. 10.) Defendant filed a reply on March 23, 2022. (Docs. 11.) On September 22, 2022, the case was reassigned to the undersigned for all further proceedings.[1] (Doc. 19.)

## II. Factual Background

According to the FAC, Plaintiff maintained worker's compensation insurance in accordance with California law. Plaintiff's insurance carrier for the five years preceding this action was The Merriam Agency, an entity which was later acquired by Gallagher. Defendant Gallagher operated as Plaintiff's insurance broker, and Defendant Gallagher's insurance agent was Jon Barron ("Barron").

On December 22, 2020, Barron's office contacted Plaintiff by email requesting that Plaintiff provide necessary documentation for renewal of Plaintiff's worker's compensation insurance policy for the year 2021.

On January 5, 2021, Plaintiff provided the requested documentation to Barron's office. On January 12, 2021, Barron's office confirmed receipt of the documents, and that Plaintiff's worker's compensation insurance coverage would renew effective February 1, 2021. On March 17, 2021, Plaintiff received from Barron's office a copy of Worker's Compensation Insurance Policy No. SATIS0396700 (the "Policy"), issued by Defendant SAIC. The Policy indicated that coverage would commence on February 1, 2021, through February 1, 2022, and SAIC was the

---

[1] All parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 3, 16, 18.)

insurance carrier.

In May of 2021, an employee of Plaintiff experienced an on-the-job injury, and Plaintiff tendered a worker's compensation claim to Gallagher. On May 20, 2021, Barron emailed Plaintiff, stating that the Policy had lapsed and was cancelled due to non-payment of premiums. Plaintiff then forwarded a copy of the Policy to Gallagher and confirmed that Plaintiff had not received any delinquency notices regarding non-payment of premiums.

Barron responded that there had been a "mix up," but that he would see if the Policy could be reinstated. Later, Barron informed Plaintiff that reinstatement of the Policy with Defendant SAIC was not possible, and the claim would be denied for lack of coverage. As a result of the cancellation of the Policy, Plaintiff was compelled to cover the full cost of the claim of the injured employee. Plaintiff was also placed at risk of incurring fines and penalties for not maintaining sufficient worker's compensation coverage.

**III.   Discussion**

  **A.   Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dep't. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167

3

L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In considering whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The court is not required to assume the truth of legal conclusions that are cast in the form of factual allegations. Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Although Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers more "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that defendants have violated the ... laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of L.A., 250 F.3d 668, 688–89 (9th Cir.2001).

**B.     Breach of Contract**

Plaintiff claims that Plaintiff and Defendants entered into a written contract requiring Defendants to provide worker's compensation insurance coverage to Plaintiff.  Plaintiff contends that it performed all or substantially all of the requirements of the contract.  Plaintiff claims that Defendants failed to perform as promised in the contract by cancelling the Policy without notice and by denying coverage despite previously representing that the Policy was valid through

February of 2022.

Defendant Gallagher contends that it is not a party to the contract, and therefore, it cannot be held liable for a breach thereof. Gallagher argues that there can be no liability for someone who is not a party to a contract.

Plaintiff contends that California law allows for extra-contractual liability in situations such as this, where a party to a contract suffers damages probably traceable to a third party not in privity of contract with the damaged party.

Defendant Gallagher responds that Plaintiff cannot establish extra-contractual liability against Gallagher. Gallagher contends it was not a party to the contract and did not owe any obligations under the contract. Gallagher claims that Plaintiff fails to cite any law that would establish a claim against it for breach of contract.

In federal court in California, to state a claim for a breach of contract, Plaintiff must sufficiently allege: (1) that a contract exists between the parties; (2) that plaintiff performed his contractual duties or was excused from nonperformance; (3) that the defendant breached his contractual duties; and (4) and that plaintiff's damages were a result of the breach. Walters v. Fidelity Mortg. of Cal., Inc., No. 2:09-cv-3317 FCD-KJM, 2010 WL 1493131 at *7 (E.D.Cal. Aug.14, 2010); Oasis West Realty, LLC v. Goldman, 124 Cal. Rptr. 3d 1115, 1121 (Cal. 2011). Under California law, all insurance brokers have a duty to "use reasonable care, diligence, and judgment in procuring the insurance requested." Pacific Rim Mech. Contractors, Inc. v. Aon Risk Ins. Servs. West, Inc., 138 Cal. Rptr. 3d 294, 297 (Cal. Ct. App. 2012). Further, California recognizes that a breach of contract cause of action arises where the agent or broker breaches an oral agreement to obtain insurance as requested by the client. Saunders v. Cariss, 224 Cal.App.3d 905, 909, 274 Cal.Rptr. 186 (Cal. 1990); see also AMCO Ins. Co. v. All Sols. Ins. Agency, LLC, 244 Cal. App. 4th 883, 890, 198 Cal. Rptr. 3d 687, 692 (Cal. 2016).

In this case, it is undisputed that Plaintiff and Defendant SAIC entered into a written contract. It is also undisputed that Defendant Gallagher was not a party to this contract—at least with respect to the written policy contract itself. It is also undisputed that Gallagher agreed to obtain an insurance policy for Plaintiff, and that Defendant Gallagher did in fact obtain said

1    policy for Plaintiff.  According to the FAC, Gallagher tendered, and Plaintiff received, a copy of
2    the worker's compensation insurance policy on May 17, 2021, and this policy indicated a
3    coverage period from February 1, 2021, to February 1, 2022.  Thus, Gallagher fulfilled the terms
4    of its agreement to obtain a policy for Plaintiff.

5    Thereafter, Plaintiff learned that the Policy had been cancelled due to Plaintiff's non-
6    payment of policy coverage invoices.  Plaintiff claims the Policy was improperly canceled
7    because Plaintiff received no notice of delinquency. Plaintiff also alleges that the contract was
8    breached insofar as Defendant SAIC represented that said contract existed, as evidenced by the
9    contract itself.  Plaintiff contends liability should also attach to Defendant Gallagher because
10   Gallagher, while not an actual party to the contract, was partially responsible for causing Plaintiff
11   to believe a valid contract existed, when in fact it did not.

12   Plaintiff, however, fails to establish how Gallagher, as the broker, breached the contract.
13   As previously discussed, Gallagher obtained an insurance policy as requested and tendered the
14   Policy to Plaintiff.  Plaintiff does not allege that the Policy was never effective, that Gallagher
15   failed to provide the requested policy, that Gallagher warranted a policy where none existed, or
16   that Gallagher provided false policy documents.  Plaintiff also makes no allegation that Gallagher
17   was under contract to advise Plaintiff if the Policy ever became delinquent. Gallagher is correct
18   that it is not a party to the contract and that there is no privity of contract.

19   Citing Kent v. Bartlett, 49 Cal.App.3d 724 (1975), Plaintiff contends that extra-
20   contractual liability exists under California law for situations such as this.  In Kent, a property
21   owner contracted with a surveyor to survey the owner's property and divide the property into two
22   separate parcels.  Id. at 726.  The surveyor did so, the property was divided, and the property
23   owner recorded the survey.  Id.  Plaintiff then purchased the property and sold the two parcels to
24   two separate purchasers.  Id.  When one of the purchasers attempted to build a house on his
25   parcel, it was discovered that the survey had been done incorrectly and the house could not be
26   built as designed.  Id. at 727.  Plaintiff sued the surveyor for negligent performance of the terms of
27   the contract.  Id. at 727.  Defendant claimed plaintiff could not establish a breach of contract
28   because there was no privity of contract.  Id. at 727-28.  The Kent court disagreed and determined

that the absence of privity of contract between plaintiff and defendant did not defeat the action. Id. at 728.  In reaching this determination, the court noted the following guidelines:

> "The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm."

Id. (quoting Biakanja v. Irving, 49 Cal.2d 647, 650 (1958)).

Defendant Gallagher is correct that Kent does not support Plaintiff's position.  Plaintiff does not allege that Gallagher entered into a contract with a third party, that a contract with a third party was intended to affect Plaintiff, that it was reasonably foreseeable that Plaintiff would be harmed by Gallagher's performance under the contract with a third party, or that Plaintiff was damaged by Gallagher's breach of contract with a third party.  Plaintiff instead claims Gallagher is liable for breach of a contract Plaintiff entered into with Defendant SAIC.  The FAC alleges only that Gallagher procured the Policy for Plaintiff from Defendant SAIC, that the Policy was cancelled due to non-payment of premiums, and that Defendant SAIC cancelled the Policy without providing proper notice to Plaintiff.  Plaintiff has not adequately pled a breach of any duty as to Gallagher.  As Plaintiff has failed to set forth sufficient facts to state a plausible claim for breach of contract,  Twombly, 550 U.S. at 570, the first cause of action against Gallagher must be dismissed.

### C. Equitable Estoppel

Plaintiff next alleges that Defendants should be equitably estopped from denying coverage to Plaintiff, because Defendants represented that Plaintiff had a valid worker's compensation insurance policy, and Plaintiff was induced to rely, and did in fact rely, upon Defendants' representations.

Defendant Gallagher claims that California does not recognize a separate cause of action for equitable estoppel.  Gallagher also contends it is not Plaintiff's insurer, nor does Plaintiff claim that Gallagher denied coverage for the claim under the Policy.

A "valid claim of equitable estoppel consists of the following elements: a) a representation

or concealment of material facts (b) made with knowledge, actual or virtual, of the facts (c) to a party ignorant, actually and permissibly, of the truth (d) with the intention, actual or virtual, that the ignorant party act on it, and (e) that party was induced to act on it." Behnke v. State Farm Gen. Ins. Co., 196 Cal. App. 4th 1443, 1462, 127 Cal. Rptr. 3d 372, 387 (2011) (quoting 13 Witkin, Summary of Cal. Law (10th ed. 2005) Equity, § 191, pp. 527–528.)  Defendant is correct that the equitable estoppel doctrine can be utilized defensively only.  As a matter of California law, "a stand-alone cause of action for equitable estoppel will not lie."  Behnke, 196 Cal.App.4th at 1463.

Plaintiff contends that the Ninth Circuit, in its opinion in Franklin v. Cmty. Reg. Med. Ctr., 998 F.3d 867 (9th Cir. 2021), recognized that a plaintiff could assert a cause of action for equitable estoppel.  In Franklin, Plaintiff had signed an arbitration agreement with her employer, a staffing agency.  Id. at 869.  The staffing agency assigned her to work at a hospital.  Id.  Plaintiff sued the hospital for violations of labor law.  Id. at 870.  The Ninth Circuit upheld the decision to compel arbitration of Plaintiff's claims even though the defendant hospital was a non-signatory to the arbitration agreement.  Id. at 876.  The Ninth Circuit determined that the plaintiff's claims against the hospital were intimately founded in and intertwined with her employment contract such that the plaintiff was equitably estopped from avoiding arbitration of her claims against the hospital.  Id.  The Ninth Circuit, however, did not suggest that a plaintiff may maintain a stand-alone cause of action for equitable estoppel.  Here, Plaintiff brings his claim of equitable estoppel as a stand-alone second cause of action—which California law does not permit.

Moreover, Gallagher is correct that it is not Plaintiff's insurer and there is no allegation that Gallagher denied Plaintiff coverage for the claim under the Policy.  Since Gallagher was not the party providing coverage and there is no allegation it denied coverage, the equitable estoppel doctrine is inapplicable to Gallagher. This cause of action must be dismissed.

### D. Breach of Implied Covenant of Good Faith and Fair Dealing

In the third cause of action, Plaintiff contends that Defendants breached the implied covenant of good faith and fair dealing when it withheld the benefits of coverage in bad faith.

1  Defendant Gallagher contends that the claim fails as to itself, because it is not the insurer and
2  therefore cannot be held liable for withholding coverage.

3    "[There] is an implied covenant of good faith and fair dealing in every contract [including
4  insurance policies] that neither party will do anything which will injure the right of the other to
5  receive the benefits of the agreement." Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 573, 108
6  Cal.Rptr. 480, 510 P.2d 1032 (1973) (alterations in original) (quoting Comunale v. Traders &
7  Gen. Ins. Co., 50 Cal. 2d 654, 658, 328 P.2d 198 (1958)).  Under California law, to be liable for
8  breach of implied covenant of good faith and fair dealing, a defendant must have been a
9  consenting party to the contract at issue. Gruenberg, 9 Cal.3d at 576 (the insurance adjusting firm,
10 the law firm, their respective employees, and the agents of the insurance companies that issued
11 the insurance policy cannot be held liable for breach of implied covenant of good faith and fair
12 dealing because they were "total strangers to the contracts of insurance"); Minnesota Mut. Life
13 Ins. Co. v. Ensley, 174 F.3d 977, 981 (9th Cir.1999) (insurance agents or brokers cannot be held
14 liable for breach of contract or breach of the implied covenant of good faith and fair dealing
15 because they were not parties to the insurance contract); Meisel v. Allstate Indem. Co., 357 F.
16 Supp. 2d 1222, 1226 (E.D. Cal. 2005) ("Under California law an insurance agent cannot be held
17 liable for breach of contract or breach of the implied covenant of good faith and fair dealing
18 because he is not a party to the insurance contract.") (internal quotations omitted). Here,
19 Defendant Gallagher was not a party to the insurance contract.  Therefore, Plaintiff cannot bring a
20 cause of action for breach of implied warranty against Gallagher.

21   Plaintiff nonetheless contends that the covenant of good faith and fair dealing should
22 apply despite the absence of privity because Gallagher is "engaged in the insurance business."
23 (Doc. 10 at 11.  This is insufficient. "Every contract imposes on each party a duty of good faith
24 and fair dealing in each performance and in its enforcement." Rest.2d, Contracts, § 205; Egan v.
25 Mutual of Omaha Ins. Co., 24 Cal.3d 809, 818, 169 Cal.Rptr. 691, 620 P.2d 141 (1979). The
26 "implied covenant imposes upon each party the obligation to do everything that the contract
27 presupposes they will do to accomplish its purpose." Schoolcraft v. Ross, 81 Cal.App.3d 75, 80,
28 146 Cal.Rptr. 57 (1978).  This rule was developed "in the contract arena and is aimed at making

effective the agreement's promises." Foley v. Interactive Data Corp., 47 Cal.3d 654, 683, 254 Cal.Rptr. 211, 765 P.2d 373 (1988). "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, *not to protect some general public policy interest not directly tied to the contract's purposes*." Id. at p. 690 (emphasis added). "In short, it is an implied-in-law term of the contract. Therefore, its breach will always result in a breach of the contract, although a breach of a consensual (i.e., an express or implied-in-fact) contract term will not necessarily constitute a breach of the covenant." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal.App.3d 1371, 1393 (1990). Thus, Defendant Gallagher correctly asserts that the implied convenant of good faith and fair dealing does not extend beyond the contract, and there can be no liability without a concurrent breach of contract.

In addition, a "breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself" and it has been held that "[b]ad faith implies unfair dealing rather than mistaken judgment." Congleton v. Nat'l. Union Fire Ins. Co., 189 Cal.App.3d 51, 59, 234 Cal.Rptr. 218 (1987). "[A]llegations which assert such a claim must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence, but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement. Careau, 222 Cal. App. 3d at 1395. In a claim for breach of the implied covenant, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous." Id. Here, Plaintiff makes no allegation of bad faith on Gallagher's part, that is, a conscious and deliberate act on Gallagher's part beyond a breach of the contract. As stated above, Gallagher has not withheld benefits because it is not the insurer, nor was it a signatory to the insurance contract, and therefore there was no implied covenant to breach. Further, the claims are redundant and superfluous. This cause of action fails.

**E.     Negligent Performance of Contract**

Plaintiff claims Defendants negligently failed to provide insurance coverage. Plaintiff contends that Defendants breached their duty to act with reasonable care in providing Plaintiff with worker's compensation insurance coverage by denying a claim during the period of time the policy was purportedly in effect. Plaintiff further claims Defendants denied the reasonable expectation of benefits of coverage provided by the Policy when Defendants canceled the Policy without prior notice to Plaintiff.

Defendant Gallagher contends that Plaintiff fails to state a claim against Gallagher because Gallagher is not Plaintiff's insurer and was not a party to the contract and cannot be held liable for negligent performance of a contract.

Citing to Kent v. Bartlett, *supra*, Plaintiff contends that Gallagher can be held liable for its actions despite not being in contractual privity with Plaintiff. Plaintiff contends Gallagher owed a duty of due care independent of the insurance contract and breached that duty by acting negligently.

Defendant Gallagher responds that Kent does not provide that a claim of negligent performance of a contract can be brought against a non-party. Quoting Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 988 (Cal.App. 2004), Gallagher contends that because "conduct amounting to breach of contract only becomes tortious when it also violates a duty independent of the contract arising from principles of tort law," Gallagher cannot be held liable as Plaintiff makes no duty allegations independent of the Policy.

In California, a negligence claim must allege "(1) the defendant's legal duty of care towards the plaintiff, (2) the defendant's breach of that duty, (3) injury to the plaintiff as a proximate cause result of the breach, and (4) damage to the plaintiff." Jones v. Grewe, 189 Cal.App.3d 950, 954, 234 Cal.Rptr. 717 (1987) (citation omitted). An insurance agent or broker "assumes only those duties found in any agency relationship such as reasonable care, diligence, and judgment in procuring the insurance requested by an insured." Paper Savers, Inc. v. Nacsa, 51 Cal.App.4th 1090, 1095, 59 Cal.Rptr.2d 547 (1996). In rare instances, an insurance broker or agent may augment his duties to the insured if one of the following occurs: "(a) the agent

misrepresents the nature, extent or scope of the coverage being offered or provided ..., (b) there is a request or inquiry by the insured for a particular type or extent of coverage ..., or (c) the agent assumes an additional duty by either express agreement or by holding himself out as having expertise in a given field of insurance being sought by the insured." Dairy Am., Inc. v. N.Y. Marine and Gen. Ins. Co., 2010 WL 1328740, at *7 (E.D. Cal. 2010). Here, Plaintiff makes no allegation that Gallagher misrepresented the nature, extent or scope of coverage being offered, that Gallagher offered a specific type of coverage, or that Gallagher assumed an additional duty.

In a case presenting a somewhat similar situation, an insured landlord sued an insurer and insurance brokers for their failure to notify him of the cancellation of a commercial liability policy that the insurer had issued to plaintiff and his tenant. Kotlar v. Hartford Fire Ins. Co., 83 Cal.App.4th 1116 (2000). The policy was cancelled for failure to pay premiums. Id. The plaintiff brought an action for breach of contract, negligence, and other causes of action for the defendants' failure to properly notify the insured landlord prior to cancelation. Id. With respect to the plaintiff's negligence claim, the court upheld its dismissal finding "no case [has held] that an insurance broker owes a duty of care to a named insured to provide the named insured with notice of the insurer's intent to cancel the policy for nonpayment of premiums." Id. at 1123.

Here, as there is no authority for the contention that there is a duty for an insurance broker to advise the insured of the insurer's intent to cancel the policy, and Plaintiff asserts no other duty owed to him outside the contract terms, Plaintiff's cause of action for negligent performance of contract must also be dismissed.

**F.     Declaratory Relief**

Finally, Defendant Gallagher moves to dismiss Plaintiff's fifth cause of action for declaratory relief as to itself. As Plaintiff's other claims against Gallagher have been dismissed, the Court will similarly dismiss the declaratory relief cause of action against Gallagher only. Should Plaintiff file an amended complaint alleging viable claims against Gallagher, it may amend the fifth cause of action to include Gallagher.

**IV.     Leave to Amend**

Federal Rules of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely

given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id. at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g., 512 F.3d 522, 532 (9th Cir. 2008).

Plaintiff requests that leave to amend be granted. (Doc. 10 at 13.)  In light of the sparsity of allegations in the complaint, the Court has insufficient information to conclude that amendment is futile.  Plaintiff may be able to allege additional facts that support its claim for breach of contract. Further, it does not appear that allowing amendment would cause undue delay at this juncture, and there is no evidence Plaintiff has acted in bad faith.  Thus, leave to amend will be granted as to the First and Fifth Causes of Action.

## V.     Conclusion and Order

Based on the foregoing, the Court GRANTS Defendant Gallagher's Motion to Dismiss (Doc. 6), dismissing Plaintiff's complaint as to Defendant Gallagher, with leave to amend.  Within thirty (30) days of the date of this order, Plaintiff shall file and serve either: (a) a second amended complaint in compliance with this order; or (b) a statement that Plaintiff elects not to proceed with this action against Defendant Gallagher.

IT IS SO ORDERED.

Dated:   **November 2, 2022**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE

13