1 | Richard C. Conway - #81679
Carla R.D. Khal - #166491
2 | Ian I. Brady - #331259
KAHN, SOARES & CONWAY, LLP
3 | 219 North Douty Street
Hanford, California 93230
4 | Telephone: (559) 584-3337
Facsimile: (559) 584-3348
5 |
Attorneys for: Plaintiff, Cornerstone Community
6 | Alcohol and Other Drug Recovery System, dba
Kings Gospel Mission
7 |

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10 |

11 | CORNERSTONE COMMUNITY            No. 1:22-cv-00225-SKO
ALCOHOL AND OTHER DRUG
12 | RECOVERY SYSTEM dba KINGS
GOSPEL MISSION, a Nonprofit        **SECOND AMENDED COMPLAINT FOR**
13 | Organization                    **BREACH OF WRITTEN CONTRACT;**
                    Plaintiff        **EQUITABLE ESTOPPEL; BREACH OF**
14 |                                 **THE IMPLIED COVENANT OF GOOD**
            vs.                      **FAITH AND FAIR DEALING;**
15 |                                 **NEGLIGENT PERFORMANCE OF**
SERVICE AMERICAN INDEMNITY         **CONTRACT; DECLARATORY**
16 | COMPANY, an Oklahoma Corporation; **JUDGMENT; PROFESSIONAL**
TANGRAM INSURANCE SERVICES,        **NEGLIGENCE**
17 | INC., a California Corporation; ARTHUR
J. GALLAGHER & CO., an Illinois
18 | Corporation; and DOES 1 THROUGH 50,
inclusive
19 |
20 |        Defendants
21 |

22 |     Plaintiff CORNERSTONE COMMUNITY ALCOHOL AND OTHER DRUG

23 | RECOVERY SYSTEM dba KINGS GOSPEL MISSION, a Nonprofit Organization ("**Plaintiff**")

24 | hereby alleges the following:

25 |                         **I. INTRODUCTION**

26 |     1.    Plaintiff is, and at all times herein mentioned was, a tax-exempt Nonprofit

27 | Organization, with its primary place of business in Kings County, California.

28 |

2.     Defendant SERVICE AMERICAN INDEMNITY COMPANY ("**Service**") is, and at all times herein mentioned was, an Oklahoma corporation.

3.     Defendant ARTHUR J. GALLAGHER & CO ("**Gallagher**") is, and at all times herein mentioned was, an Illinois corporation.

4.     Service and Gallagher may each be referred to individually as a "**Defendant**," and collectively as "**Defendants**."

5.     The true names and capacities of Defendants DOES 1–50, inclusive, are currently unknown to Plaintiff. Accordingly, Plaintiff sues each and every DOE defendant by such fictitious names. Each DOE defendant, individually and collectively, is responsible in some manner for the unlawful acts alleged herein. Plaintiff will amend this Complaint to reflect the true names and capacities of the DOE defendants when their identities become known.

6.     Venue is proper in the Eastern District of California because this action was originally filed in the California Superior Court for the County of Kings, Case No. 21C-0350. *28 U.S.C. §1441(a)* provides that "any civil action brought in a State may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action was pending." This Court embraces the Superior Court for the County of Kings, and is therefore proper venue.

## II. FACTS OF THE CASE

7.     As required by California law, Plaintiff maintained worker's compensation insurance. Plaintiff's worker's compensation insurance broker for the previous five (5) years preceding the events giving rise to this action was The Merriam Agency, an entity which was later acquired by Gallagher. Plaintiff's primary insurance broker was Jon Barron ("**Barron**"), an employee of The Merriam Agency, and later, of Gallagher.

8.     On December 22, 2020, Gallagher employee Monique Wilson ("**Wilson**") contacted Plaintiff by email requesting that Plaintiff provide necessary documentation to effectuate the renewal of Plaintiff's worker's compensation insurance policy for the year 2021, including filling out an application she provided for the same.

2

9.    On January 5, 2021, Plaintiff effectively accepted Gallagher's offer to contract for Gallagher to deliver to Plaintiff a valid worker's compensation insurance policy. Plaintiff did this by providing the requested information and completed documentation to Barron's office to permit Gallagher to effectuate the renewal of Plaintiff's worker's compensation insurance coverage.

10.    On January 12, 2021, Wilson emailed Plaintiff to confirm that the documents she had requested from Plaintiff had been received by her, and that Plaintiff's worker's compensation insurance coverage would renew effective February 1, 2021, with an annual premium of $11,892. At the time, Plaintiff had no reason to doubt the truthfulness of these representations.

11.    On March 17, 2021, Plaintiff received from Gallagher employee Patty Knee a copy of worker's compensation insurance policy # SATIS0396700 (the "**Policy**"), a copy of which is attached hereto as Exhibit "**A**" and incorporated herein by this reference. The Policy indicated that Plaintiff would have insurance coverage provided by Service, and that the coverage period would be effective from February 1, 2021, through February 1, 2022.

12.    In May of 2021, an employee of Plaintiff experienced an on-the-job injury, for which Plaintiff tendered a worker's compensation claim to Gallagher.

13.    On May 20, 2021, Barron emailed Plaintiff, stating that Plaintiff's worker's compensation insurance policy had lapsed and that it was cancelled by Service due to Plaintiff's alleged non-payment of the policy coverage invoices.

14.    Thereafter, Plaintiff's representative Dave Clevenger forwarded a copy of the insurance policy Plaintiff received on March 17, 2021, to Barron. Mr. Clevenger confirmed that Plaintiff had not received any delinquent notices regarding this alleged non-payment of Plaintiff's insurance policy premiums.

15.    Barron responded that there had been a "mix up" but that he would see if Plaintiff's insurance policy could be reinstated. However, Barron would later inform Plaintiff that reinstatement of the insurance policy was not possible, and that Plaintiff's worker's compensation claim would be denied for lack of existing coverage.

16.    Plaintiff has been harmed as a result of both Gallagher's misrepresentation of the existence of available insurance coverage, and by Service's cancellation of Plaintiff's insurance

1    coverage, in that Plaintiff must now fully cover the claim of their injured employee out of

2    Plaintiff's own pocket, expend funds securing replacement insurance coverage, expend funds

3    defending an action brought by Plaintiff's employee before the California Worker's

4    Compensation Appeals Board, and expend funds in this action to secure insurance coverage

5    Plaintiff at all times believed it possessed. Plaintiff is additionally at risk of fines and penalties for

6    not maintaining sufficient worker's compensation coverage as a result of Service's unexpected

7    and unforeseeable cancellation of Plaintiff's insurance policy, which Plaintiff at all times believed

8    and was led by Gallagher to believe was valid and in effect.

9                        **III. FIRST CAUSE OF ACTION**
                            (Breach of Contract)
10                        Against Arthur J. Gallagher & Co.

11        17.    Plaintiff incorporates Paragraphs 1 through 16 as if the same were alleged in full

12    herein.

13        18.    Plaintiff and Gallagher entered into a contract evidenced by the acts of the parties

14    whereby Gallagher covenanted to, in its capacity as an insurance broker, tender to Plaintiff a valid

15    and enforceable worker's compensation insurance policy if Plaintiff provided a completed

16    application to Gallagher authorizing Gallagher to do so.

17        19.    Plaintiff has performed all or substantially all of its performance obligations owed

18    to Gallagher.

19        20.    Gallagher has failed to perform as promised to Plaintiff in that Gallagher failed to

20    acquire and deliver to Plaintiff a valid, enforceable policy providing for worker's compensation

21    insurance coverage as Plaintiff reasonably expected to receive. Gallagher instead delivered to

22    Plaintiff an unenforceable insurance policy that Gallagher either knew or reasonably should have

23    known would not have been honored by the carrier, Service American Indemnity Company.

24        21.    Plaintiff was justified in relying upon Gallagher's representation that the Policy

25    was a valid and enforceable policy of insurance coverage because the Policy was delivered after

26    Gallagher solicited necessary documentation from Plaintiff to finalize the Policy, and Plaintiff did

27    provide said information and documentation to Gallagher in a timely manner. Furthermore,

28    nothing on the face of the Policy indicated that the coverage it purported to provide was

                                        4

unavailable, contingent, or cancelled in any way. The Policy appeared in all respects facially valid as Gallagher represented to Plaintiff that it was.

22.    Had Plaintiff known that the Policy which Gallagher tendered to Plaintiff on March 17, 2021, was defective, Plaintiff would not have accepted receipt of the same.

23.    As a direct and proximate result of Gallagher's breach, Plaintiff has been deprived of its expectation of receiving the worker's compensation insurance coverage that Plaintiff bargained for, and has suffered and will suffer losses and damages in amounts to be proven at trial.

### IV. SECOND CAUSE OF ACTION
(Breach of Contract)
Against Service American Indemnity Company

24.    Plaintiff incorporates Paragraphs 1 through 23 as if the same were alleged in full herein.

25.    Plaintiff and Service are parties to a written contract requiring Service to provide worker's compensation insurance coverage to Plaintiff. Said contract was the Policy tendered to Plaintiff on March 17, 2021, in which Service represented to Plaintiff that Plaintiff had a fully enforceable worker's compensation insurance policy providing worker's compensation insurance coverage effective through February 1, 2022.

26.    Plaintiff has performed all or substantially all of the requirements of the worker's compensation insurance contract.

27.    Service has failed to perform as promised in the contract by unilaterally cancelling Plaintiff's worker's compensation insurance coverage without any prior notice given to Plaintiff, and by denying Plaintiff's May 2021 insurance claim despite the Policy representing on its face that Plaintiff's insurance Policy was valid at that time through February of 2022.

28.    Plaintiff has been harmed by Service's conduct, and has and will suffer damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
(Equitable Estoppel)
Against Service American Indemnity Company

29.    Plaintiff incorporates Paragraphs 1 through 28 as if the same were alleged in full herein.

30.    On March 17, 2021, Service represented to Plaintiff that Plaintiff had secured valid worker's compensation insurance through February 1, 2022, when Plaintiff received a copy of the Policy containing signatures of its President and Secretary attesting to its validity.

31.    Service made this representation despite concurrently knowing that Plaintiff would not have insurance coverage following the lapse of Plaintiff's coverage on February 1, 2021, due to Plaintiff's alleged nonpayment of insurance premiums.

32.    Plaintiff was ignorant of the fact that it had not paid all required insurance invoices because Plaintiff never received any demand from Defendants for payment of any delinquent invoices.

33.    Service made its March 17, 2021, representation to Plaintiff that Plaintiff had worker's compensation insurance coverage with the intention that Plaintiff rely on the apparent truth of this statement.

34.    Plaintiff was induced to rely upon, and did in fact rely upon Service's representation regarding Plaintiff's insurance coverage as a truthful statement of actual fact. Plaintiff acted upon this representation by Service by not securing worker's compensation insurance coverage from any other person, firm, or party.

35.    Plaintiff was induced to rely upon, and did in fact rely upon Service's representation regarding Plaintiff's insurance coverage as a truthful statement of actual fact. Plaintiff acted upon this representation by Service by not securing worker's compensation insurance coverage from any other person, firm, or party.

**FOURTH CAUSE OF ACTION**
(Breach of Implied Covenant of Good Faith & Fair Dealing)
Against Service American Indemnity Company

36.    Plaintiff incorporates Paragraphs 1 through 35 as if the same were alleged in full herein.

37.    Implicit in every contract of insurance exists an implied covenant that the insurance company will act reasonably and in good faith in its dealings with the insured. This implied covenant requires each contracting party to refrain from performing any act which would

6

injure the right and the ability of the other party to receive the benefits of the contractual agreement.

38.    In unreasonably denying coverage to Plaintiff despite Service's own clear representation in the Policy of existing coverage to Plaintiff, Service breached the implied covenant of good faith and fair dealing. Service's decision to give sole consideration to its own interests rather than the interest of Plaintiff as Service's insured per the parties' agreement, unfairly frustrated the common purpose underlying the agreement between the parties.

39.    As a direct and proximate result of Service's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and will suffer actual losses and damages.

40.    Pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, Plaintiff is entitled to recover reasonable attorney's fees incurred in this action to obtain the benefits of coverage that Service has wrongfully withheld, and continues to withhold, in bad faith. The total amount of Plaintiff's attorney's fees is currently unknown. Plaintiff will assert the proper amount of damages when known.

## FIFTH CAUSE OF ACTION
### (Negligent Performance of Contract)
Against Service American Indemnity Company

41.    Plaintiff incorporates Paragraphs 1 through 40 as if the same were alleged in full herein.

42.    Service owed Plaintiff a duty to act with reasonable care in providing Plaintiff with worker's compensation insurance coverage because Service, by its own admission, knowingly extended such coverage to Plaintiff on March 17, 2021 in the form of policy # SATIS0396700. To fulfill this duty, Service was obligated to provide Plaintiff with insurance coverage for claims submitted to Service during the period when the Policy was effective, which was from February 1, 2021, through February 1, 2022.

43.    Service breached its duty to Plaintiff by willfully and without just cause denying a worker's compensation coverage claim submitted to it by Plaintiff during the period of time that Plaintiff's Policy was in effect.

44.    Service's conscious and deliberate decision to deny insurance coverage to Plaintiff is inconsistent with Service's prior representation to Plaintiff that Plaintiff possessed and had

received a valid worker's compensation insurance policy. Service's denial of coverage, absent any prior notice to Plaintiff of Service's intent to cancel the Policy, denied Plaintiff the reasonable expectation of the benefits of coverage provided by the Policy.

45.    The harm inflicted upon Plaintiff by this denial of coverage was reasonably foreseeable, because Service knew or should have known that Plaintiff would justifiably rely upon Service's representation to Plaintiff on March 17, 2021, that Plaintiff had a valid policy providing for insurance for claims through February 1, 2022. Furthermore, Service knew or should have known that Plaintiff would not have acted to secure worker's compensation insurance from any other third party, as Plaintiff would have relied upon the reasonable expectation that the Policy provided to Plaintiff by Service would serve as adequate coverage as required by law.

46.    As a direct and proximate result of Service's negligent performance of the insurance contract, Plaintiff has been deprived of its expectation of worker's compensation insurance coverage, and has suffered and will suffer actual losses and damages.

### SIXTH CAUSE OF ACTION
#### (Declaratory Judgment)
Against Service American Indemnity Company

47.    Plaintiff incorporates Paragraphs 1 through 46 as if the same were alleged in full herein.

48.    Plaintiff seeks a judicial declaration pursuant to California Code of Civil Procedure §1060 of the respective rights and obligations of Plaintiff and Defendant Service American Indemnity Company under the Policy.

49.    An actual and justiciable controversy exists between Plaintiff and Service concerning the Policy. Plaintiff contends that the Policy provides coverage for its claim, and Service contends that there is no coverage because there is no valid and existing agreement between the parties.

50.    Plaintiff is entitled to declaratory relief establishing that its interpretation of the existence and coverage under the Policy is correct, and that Service's claim that the Policy has

been cancelled and that Plaintiff is not entitled to any worker's compensation insurance coverage is incorrect.

## SEVENTH CAUSE OF ACTION
(Professional Negligence)
Against Arthur J. Gallagher & Co.

51.     Plaintiff incorporates Paragraphs 1 through 50 as though the same were alleged in full herein.

52.     Defendant Gallagher was aware of the nature of Plaintiff's insurance needs when Gallagher employee Wilson contacted Plaintiff in December of 2021 to effectuate renewal of Plaintiff's worker's compensation insurance coverage.

53.     Gallagher procured for Plaintiff an insurance policy that ostensibly provided Plaintiff with the coverage which Plaintiff sought to obtain.

54.     However, the policy was defective and did not actually provide for any insurance coverage from a worker's compensation claim. Gallagher thus misrepresented to Plaintiff the nature, extent, and/or scope of coverage actually provided by the Policy.

55.     Gallagher, in its capacity as an insurance broker, owed a duty of reasonable care, diligence, and judgment in rendering its services to Plaintiff. This standard of care requires that an insurance broker ascertain and understand the needs of its client, and procure a policy of insurance that provides coverage to the extent requested by the client. Further, a broker is required to accurately represent in its communications to its client the nature, extent, and scope of coverage of the policy that the broker procured for the client's benefit.

56.     Plaintiff completely relied on Gallagher for the procurement of a worker's compensation insurance policy to cover workplace injury claims made by Plaintiff's employees. Plaintiff further relied on Gallagher's representations that the Policy provided effective worker's compensation coverage to the extent coverage was requested by Plaintiff.

57.     Because Gallagher failed in its duty to use reasonable care, diligence, and judgment in procuring the insurance coverage requested by Plaintiff, and affirmatively misrepresented the scope of coverage available to Plaintiff in the Policy, Gallagher is liable for the losses suffered by Plaintiff in reliance on Gallagher's misrepresentations.

58.    Gallagher acted below the standard of care for insurance brokers when Gallagher failed to procure a policy providing for the insurance coverage Gallagher knew Plaintiff had enlisted Gallagher to procure for Plaintiff's benefit, and when Gallagher failed to accurately communicate to Plaintiff the actual extent of coverage provided under the Policy – none. Such acts constitute professional negligence on the part of Gallagher.

59.    Worker's compensation insurance coverage was generally available in the insurance industry during the time Plaintiff sought to procure a policy of coverage from Gallagher in late 2020, and such coverage would have been available to Plaintiff at that time. Had Plaintiff known that the representations by Gallagher as to the extent of insurance coverage provided under the Policy were inaccurate, Plaintiff would have sought to procure worker's compensation insurance coverage through another broker.

60.    Thus, as a direct and proximate result of, and but for, the negligence of Gallagher, Plaintiff has been damaged in a sum that will be proven at trial. These damages include costs to acquire replacement insurance coverage; costs and attorney's fees incurred in bringing this action against Service American Indemnity Company to establish the existence of coverage under the disputed Policy; costs and attorney's fees incurred in defending a third party action filed by Plaintiff's injured employee before the California Worker's Compensation Appeals Board; and the anticipated costs of settlement of the third party action with Plaintiff's employee. All of these expenses would have been properly borne by an insurer had valid coverage existed pursuant to an enforceable policy of insurance brokered absent Gallagher's negligence.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1.  For compensatory damages according to proof at trial;

2.  For punitive damages pursuant to applicable law;

3.  For costs and reasonable attorney's fees according to proof;

4.  For declaratory relief declaring, as Plaintiff contends, that insurance policy # SATIS0396700 is enforceable and in effect, and that Plaintiff's valid worker's compensation claims submitted during the effective period of coverage of said policy

1    be covered by Service American Indemnity Company in accordance with the policy's

2    terms and conditions.

3

4    Dated: ___12/2/22___                    KAHN, SOARES & CONWAY, LLP

5                                            _____

6                                            Richard C. Conway, attorney for plaintiff,
                                             Cornerstone Community Alcohol and Other
7                                            Drug Recovery System, dba Kings Gospel
                                             Mission, a Nonprofit Organization
8

9

10

11
     15748-1/3Eastern District Pleadings/Drafts/SAC DRAFT 113022
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            11

# EXHIBIT A

WC 00 00 01 A

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**
**Information Page**

**SERVICE AMERICAN INDEMNITY COMPANY, a stock company**
**PO Box 26850**
**AUSTIN, TEXAS 78755**
**NCCI # 38369**

Name of Producer: Tangram Insurance Services, Inc. TAN0001
140 2nd Street Suite 230
Petaluma CA 94952

Policy No. SATIS0396700

Renewal of: NEW

_____ Individual          _____ Partnership

__X__ Corporation or _____

1. The Insured: Cornerstone Community Alcohol and Other Drug Recovery System

DBA: Kings Gospel Mission

Federal Employers I.D.# See Schedule

Inter/Intrastate Risk I.D.# _____
Other I.D. # _____

Mailing address: Po Box 1124
Hanford, CA 93232

Other workplaces not shown above: See Schedule

2. Policy Period: From  02/01/2021  To  02/01/2022   12:01 A.M. standard time at the insured's mailing address.

3. A. Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here: CA

   B. Employers Liability Insurance: Part Two of the policy applies to work in each state listed in item 3.A. The limits of our liability under Part Two are:
   Bodily Injury by Accident    $  1,000,000    each accident
   Bodily Injury by Disease    $  1,000,000    policy limit
   Bodily Injury by Disease    $  1,000,000    each employee

   C. Other States Insurance: Part Three of the policy applies to the states, if any, listed here:
   All states except North Dakota, Ohio, Washington, Wyoming, States designated in item 3A of the Information Page.

   D. This policy includes these endorsements and schedules: See Schedule

4. The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classification | Code No. | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| See Item 4. Extension WC 00 00 01A For Rating & Assessments | | | | |

| | | |
|---|---|---|
| Total Estimated Standard Annual Premium | | 11,892 |
| Expense Constant | | $200 |

| | | | | |
|---|---|---|---|---|
| Minimum Premium | 1,000 | Deposit Premium | | 11,439 |

Premium Adjustment Period: Annual          Countersigned by: _____
Servicing and Issuing Office: Service American Indemnity Co, TX   Date Produced: 01/08/2021

Copyright 1987 National Council on Compensation Insurance.

Original

WC 00 00 01 A

EXTENSION OF INFORMATION PAGE

Administrative Office:   PO Box 26850

Austin, TX 78755

Telephone Number:     (833)294-0968

IN WITNESS WHEREOF; Service American Indemnity Company has caused this policy to be
signed by its President and Secretary at Austin, Texas, but this policy is not effective unless Service
American Indemnity Company has issued an information page as part of this policy.

_____
President

_____
Secretary

Item 1          Extension Schedule

Schedule of Named Insureds

001-001-00                 FEIN: 77-0259210
Cornerstone Community Alcohol and Other Drug Recovery
System
002-001-00                 FEIN: 77-0259210
DBA: Kings Gospel Mission

Insured:      Cornerstone Community Alcohol and Other Drug Recovery System
Policy Number: SATIS0396700
Effective Date: 02/01/2021

Item 3.D.    Extension Schedule

Schedule of Forms and Endorsements

| Form Number: | Edition: | Description: |
|---|---|---|
| PN 04 99 08 | 12-19 | CA Independent Contractors |
| WC 00 00 00 C | 1-15 | Workers Compensation and Employers Liability Insurance Policy |
| WC 00 00 01 A S | 1-90 | Information Page |
| WC 00 00 01 EXT | 1-90 | Item 4 - Extension of Information Page |
| WC 00 04 04 | 4-84 | Pending Rate Change Endorsement |
| WC 00 04 19 | 1-01 | Premium Due Date Endorsement |
| WC 00 04 21 E | 1-21 | Catastrophe (Other Than Certified Acts Of Terrorism) Premium Endorsement |
| WC 00 04 22 C | 1-21 | Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement |
| WC 04 03 01 D | 2-18 | Policy Amendatory Endorsement - California |
| WC 04 04 22 | 1-12 | California Short-Rate Cancelation Endorsement |
| WC 04 06 01 A | 12-93 | California Cancelation Endorsement |
| WC 04 06 04 | 9-20 | COVID-19 Reporting Requirement Endorsement - California |

Insured:      Cornerstone Community Alcohol and Other Drug Recovery System
Policy Number: SATIS0396700
Effective Date: 02/01/2021

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | | | |
|---|---|---|---|---|---|
| POLICY NO. SATIS0396700 | | | | | |
| PAGE NO. 1 | | | | | |

| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
|---|---|---|---|---|---|
| | | | | Subject to Modification | All Other |
| CA-4<br>LOC. 1<br>Employees:        1<br>NAICS:   623220<br>801 W 7th St<br>Hanford, (Kings) CA 93230 | | | | | |
| 001-001-00<br>Cornerstone Community Alcohol and<br>Other Drug Recovery System<br>FEIN: 77-0259210 | | | | | |
| 002-001-00<br>DBA: Kings Gospel Mission<br>FEIN: 77-0259210 | | | | | |
| From 02/01/2021   To 02/01/2022 | | | | | |
| STORES STORES - retail - N.O.C. | 8017 | 44,000 | 4.47 | 1,967 | |
| HEALTH AND HUMAN SERVICES SOCIAL REHABILITATION FACILITIES FOR ADULTS - all employees | 8804 | 16,128 | 4.50 | 726 | |
| CLERICAL OFFICE EMPLOYEES - N.O.C. | 8810 | 165,000 | 0.35 | 578 | |
| RECYCLING AND REFUSE MANAGEMENT RECYCLED MATERIAL DEALERS - N.O.C. | 9424 | 44,000 | 8.56 | 3,766 | |
| Employer's Liability (in 000's)<br>   Limit: 1,000/1,000/1,000 | 9812 | | 0.011 | 77 | |
|    To Equal Minimum | 9848 | | | 43 | |
| TOTAL UNMODIFIED PREMIUM | | | | 7,157 | |
| TOTAL MODIFIED PREMIUM | | | | 7,157 | |
| Schedule debit/credit | 9889 | | 1.500 | 3,579 | |
| STANDARD PREMIUM | | | | 10,736 | |
| Territory Modification | 9135 | | 1.100 | 1,074 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | POLICY NO. SATIS0396700 PAGE NO. 2 |
|---|---|

| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
|---|---|---|---|---|---|
| | | | | Subject to Modification | All Other |
| CA-4 LOC. 1 Employees:      1 NAICS:   623220 801 W 7th St Hanford, (Kings) CA 93230 | | | | | |
| Premium Discount | 0063 | | | -625 | |
| Expense Constant | 0900 | | | | 200 |
| Terrorism | 9740 | | 0.0100 | | 27 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | | 0.0100 | | 27 |
| California Assessment 0.0226460 | | | | 259.00 | |
| Fraud Assessment 0.0047340 | | | | 54.00 | |
| SIBA Premium Surcharge 0.0065790 | | | | 75.00 | |
| UEBT Fund Surcharge 0.0007750 | | | | 9.00 | |
| OSHF Fund Assessment 0.0025840 | | | | 30.00 | |
| LECF Assessment 0.0022720 | | | | 26.00 | |
| TOTAL ESTIMATED PREMIUM | | | | 11,439 | |
| TOTAL ASSESSMENTS | | | | 453.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | | POLICY NO. SATIS0396700 PAGE NO. _____ 3 _____ | |
|---|---|---|---|---|---|
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| CA-4<br>LOC. 2<br>Employees:       1<br>NAICS:   623220<br>805 W 7th St<br>Hanford, (Kings) CA 93230 | | | | | |
| 001-001-00<br>Cornerstone Community Alcohol and Other Drug Recovery System<br>FEIN: 77-0259210 | | | | | |
| 002-001-00<br>DBA: Kings Gospel Mission<br>FEIN: 77-0259210 | | | | | |
| From 02/01/2021   To 02/01/2022 | | | | | |
| Employer's Liability (in 000's)<br>  Limit: 1,000/1,000/1,000 | 9812 | | 0.011 | 0 | |
| TOTAL UNMODIFIED PREMIUM | | | | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 0 | |
| Schedule debit/credit | 9889 | | 1.500 | 0 | |
| STANDARD PREMIUM | | | | 0 | |
| Territory Modification | 9135 | | 1.100 | 0 | |
| Terrorism | 9740 | | 0.0100 | | 0 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | | 0.0100 | | 0 |
| California Assessment 0.0226460 | | | | 0.00 | |
| Fraud Assessment 0.0047340 | | | | 0.00 | |
| SIBA Premium Surcharge 0.0065790 | | | | 0.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | | | |
|---|---|---|---|---|---|

POLICY NO. SATIS0396700

PAGE NO. 4

| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
|---|---|---|---|---|---|
| | | | | Subject to Modification | All Other |
| CA-4 LOC. 2 Employees:     1 NAICS:  623220 805 W 7th St Hanford, (Kings) CA 93230 | | | | | |
| UEBT Fund Surcharge 0.0007750 | | | | 0.00 | |
| OSHF Fund Assessment 0.0025840 | | | | 0.00 | |
| LECF Assessment 0.0022720 | | | | 0.00 | |
| TOTAL ESTIMATED PREMIUM | | | | 0 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | POLICY NO. SATIS0396700 PAGE NO.     5 | | | | |
|---|---|---|---|---|---|

| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
|---|---|---|---|---|---|
| | | | | Subject to Modification | All Other |
| CA-4 LOC. 3 Employees:        1 NAICS:   623220 807 W 7th St Hanford, (Kings) CA 93230 | | | | | |
| 001-001-00 Cornerstone Community Alcohol and Other Drug Recovery System FEIN: 77-0259210 | | | | | |
| 002-001-00 DBA: Kings Gospel Mission FEIN: 77-0259210 | | | | | |
| From 02/01/2021   To 02/01/2022 | | | | | |
| Employer's Liability (in 000's)    Limit: 1,000/1,000/1,000 | 9812 | | 0.011 | 0 | |
| TOTAL UNMODIFIED PREMIUM | | | | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 0 | |
| Schedule debit/credit | 9889 | | 1.500 | 0 | |
| STANDARD PREMIUM | | | | 0 | |
| Territory Modification | 9135 | | 1.100 | 0 | |
| Terrorism | 9740 | | 0.0100 | | 0 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | | 0.0100 | | 0 |
| California Assessment 0.0226460 | | | | 0.00 | |
| Fraud Assessment 0.0047340 | | | | 0.00 | |
| SIBA Premium Surcharge 0.0065790 | | | | 0.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | POLICY NO. SATIS0396700 PAGE NO. 6 | | | |
|---|---|---|---|---|---|
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| CA-4 LOC. 3 Employees:        1 NAICS:   623220 807 W 7th St Hanford, (Kings) CA 93230 | | | | | |
| UEBT Fund Surcharge 0.0007750 | | | | 0.00 | |
| OSHF Fund Assessment 0.0025840 | | | | 0.00 | |
| LECF Assessment 0.0022720 | | | | 0.00 | |
| TOTAL ESTIMATED PREMIUM | | | | 0 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | POLICY NO. SATIS0396700 | | |
|---|---|---|---|---|---|
| | | | PAGE NO. 7 | | |

| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
|---|---|---|---|---|---|
| | | | | Subject to Modification | All Other |
| CA-4 LOC. 4 Employees:        1 NAICS:   623220 817 W 7th St Hanford, (Kings) CA 93230 | | | | | |
| 001-001-00 Cornerstone Community Alcohol and Other Drug Recovery System FEIN: 77-0259210 | | | | | |
| 002-001-00 DBA: Kings Gospel Mission FEIN: 77-0259210 | | | | | |
| From 02/01/2021   To 02/01/2022 | | | | | |
| Employer's Liability (in 000's)    Limit: 1,000/1,000/1,000 | 9812 | | 0.011 | 0 | |
| TOTAL UNMODIFIED PREMIUM | | | | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 0 | |
| Schedule debit/credit | 9889 | | 1.500 | 0 | |
| STANDARD PREMIUM | | | | 0 | |
| Territory Modification | 9135 | | 1.100 | 0 | |
| Terrorism | 9740 | | 0.0100 | | 0 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | | 0.0100 | | 0 |
| California Assessment 0.0226460 | | | | 0.00 | |
| Fraud Assessment 0.0047340 | | | | 0.00 | |
| SIBA Premium Surcharge 0.0065790 | | | | 0.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY<br>EXTENSION OF INFORMATION PAGE<br>ITEM 4. CONTINUED | | | | | |
|---|---|---|---|---|---|
| POLICY NO. SATIS0396700 | | | | | |
| PAGE NO. 8 | | | | | |

| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
|---|---|---|---|---|---|
| | | | | Subject to Modification | All Other |
| CA-4<br>LOC. 4<br>Employees:        1<br>NAICS:   623220<br>817 W 7th St<br>Hanford, (Kings) CA 93230 | | | | | |
| UEBT Fund Surcharge 0.0007750 | | | | 0.00 | |
| OSHF Fund Assessment 0.0025840 | | | | 0.00 | |
| LECF Assessment 0.0022720 | | | | 0.00 | |
| TOTAL ESTIMATED PREMIUM | | | | 0 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | | | |
|---|---|---|---|---|---|

POLICY NO. SATIS0396700

PAGE NO. 9

| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
|---|---|---|---|---|---|
| | | | | Subject to Modification | All Other |
| CA-4 LOC. 5 Employees:        1 NAICS:   623220 13747 6th Street Unit C Armona, (Kings) CA 93202 | | | | | |
| 001-001-00 Cornerstone Community Alcohol and Other Drug Recovery System FEIN: 77-0259210 | | | | | |
| 002-001-00 DBA: Kings Gospel Mission FEIN: 77-0259210 | | | | | |
| From 02/01/2021   To 02/01/2022 | | | | | |
| Employer's Liability (in 000's)    Limit: 1,000/1,000/1,000 | 9812 | | 0.011 | 0 | |
| TOTAL UNMODIFIED PREMIUM | | | | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 0 | |
| Schedule debit/credit | 9889 | | 1.500 | 0 | |
| STANDARD PREMIUM | | | | 0 | |
| Territory Modification | 9135 | | 1.100 | 0 | |
| Terrorism | 9740 | | 0.0100 | | 0 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | | 0.0100 | | 0 |
| California Assessment 0.0226460 | | | | 0.00 | |
| Fraud Assessment 0.0047340 | | | | 0.00 | |
| SIBA Premium Surcharge 0.0065790 | | | | 0.00 | |

| | | | | Estimated Annual Premiums | |
|---|---|---|---|---|---|
| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY<br>EXTENSION OF INFORMATION PAGE<br>ITEM 4. CONTINUED | | POLICY NO. SATIS0396700<br>PAGE NO.      10 | | | |
| CLASSIFICATION OF OPERATIONS | CODE<br>NO. | Estimated Total<br>Annual<br>Remuneration | Rates Per<br>$100 of<br>Remun-<br>eration | Subject to<br>Modification | All Other |
| CA-4<br>LOC. 5<br>Employees:      1<br>NAICS:  623220<br>13747 6th Street Unit C<br>Armona, (Kings) CA 93202 | | | | | |
| UEBT Fund Surcharge 0.0007750 | | | | 0.00 | |
| OSHF Fund Assessment 0.0025840 | | | | 0.00 | |
| LECF Assessment 0.0022720 | | | | 0.00 | |
| TOTAL ESTIMATED PREMIUM | | | | 0 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | POLICY NO. SATIS0396700<br>PAGE NO. 11 | | |
|---|---|---|---|---|---|

| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
|---|---|---|---|---|---|
| | | | | Subject to Modification | All Other |
| CA-4<br>LOC. 6<br>Employees:        1<br>NAICS:   623220<br>415 N Redington St<br>Hanford, (Kings) CA 93230 | | | | | |
| 001-001-00<br>Cornerstone Community Alcohol and Other Drug Recovery System<br>FEIN: 77-0259210 | | | | | |
| 002-001-00<br>DBA: Kings Gospel Mission<br>FEIN: 77-0259210 | | | | | |
| From 02/01/2021   To 02/01/2022 | | | | | |
| Employer's Liability (in 000's)<br>   Limit: 1,000/1,000/1,000 | 9812 | | 0.011 | 0 | |
| TOTAL UNMODIFIED PREMIUM | | | | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 0 | |
| Schedule debit/credit | 9889 | | 1.500 | 0 | |
| STANDARD PREMIUM | | | | 0 | |
| Territory Modification | 9135 | | 1.100 | 0 | |
| Terrorism | 9740 | | 0.0100 | | 0 |
| Catastrophe (other than Certified Acts of Terrorism) | 9741 | | 0.0100 | | 0 |
| California Assessment 0.0226460 | | | | 0.00 | |
| Fraud Assessment 0.0047340 | | | | 0.00 | |
| SIBA Premium Surcharge 0.0065790 | | | | 0.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | | POLICY NO. SATIS0396700 PAGE NO. _____ 12 _____ | |
|---|---|---|---|---|---|
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| CA-4 LOC. 6 Employees:          1 NAICS:   623220 415 N Redington St Hanford, (Kings) CA 93230 | | | | | |
| UEBT Fund Surcharge 0.0007750 | | | | 0.00 | |
| OSHF Fund Assessment 0.0025840 | | | | 0.00 | |
| LECF Assessment 0.0022720 | | | | 0.00 | |
| TOTAL ESTIMATED PREMIUM | | | | 0 | |
| TOTAL CA ESTIMATED PREMIUM | | | | 11,439 | |
| TOTAL CA ASSESSMENTS | | | | 453.00 | |

WC 00 00 01A

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY     WC 00 00 00 C

(Ed. 1-15)

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows:

### GENERAL SECTION

**A. The Policy**

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

**B. Who is Insured**

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

**C. Workers Compensation Law**

Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include any federal workers or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

**D. State**

State means any state of the United States of America, and the District of Columbia.

**E. Locations**

This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A. states unless you have other insurance or are self-insured for such workplaces.

### PART ONE
### WORKERS COMPENSATION INSURANCE

**A. How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.

2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

**B. We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

**C. We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

**D. We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the amount payable under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

**E. Other Insurance**

We will not pay more than our share of benefits and costs covered by this insurance and other

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

insurance or self-insurance. Subject to any limits of liability that may apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

F.  **Payments You Must Make**

You are responsible for any payments in excess of the benefits regularly provided by the workers compensation law including those required because:

1. of your serious and willful misconduct;
2. you knowingly employ an employee in violation of law;
3. you fail to comply with a health or safety law or regulation; or
4. you discharge, coerce or otherwise discriminate against any employee in violation of the workers compensation law.

If we make any payments in excess of the benefits regularly provided by the workers compensation law on your behalf, you will reimburse us promptly.

G.  **Recovery From Others**

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

H.  **Statutory Provisions**

These statements apply where they are required by law.

1. As between an injured worker and us, we have notice of the injury when you have notice.
2. Your default or the bankruptcy or insolvency of you or your estate will not relieve us of our duties under this insurance after an injury occurs.
3. We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us.
4. Jurisdiction over you is jurisdiction over us for purposes of the workers compensation law. We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.
5. This insurance conforms to the parts of the

workers compensation law that apply to:

a. benefits payable by this insurance;
b. special taxes, payments into security or other special funds, and assessments payable by us under that law.

6. Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law.

Nothing in these paragraphs relieves you of your duties under this policy.

**PART TWO
EMPLOYERS LIABILITY INSURANCE**

A.  **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.
3. Bodily injury by accident must occur during the policy period.
4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.
5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

B.  **We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**      WC 00 00 00 C

(Ed. 1-15)

such third party as a result of injury to your employee;

2. For care and loss of services; and

3. For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

C. **Exclusions**

This insurance does not cover:

1. Liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. Punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. Bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. Bodily injury intentionally caused or aggravated by you;

6. Bodily injury occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

7. Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

8. Bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 U.S.C. Sections 901 et seq.), the Nonappropriated Fund Instrumentalities Act (5 U.S.C. Sections 8171 et seq.), the Outer Continental Shelf Lands Act (43 U.S.C. Sections 1331 et seq.), the Defense Base Act (42 U.S.C. Sections 1651–1654), the Federal Mine Safety and Health Act (30 U.S.C. Sections 801 et seq. and 901–944), any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws;

9. Bodily injury to any person in work subject to the Federal Employers' Liability Act (45 U.S.C. Sections 51 et seq.), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

10. Bodily injury to a master or member of the crew of any vessel, and does not cover punitive damages related to your duty or obligation to provide transportation, wages, maintenance, and cure under any applicable maritime law;

11. Fines or penalties imposed for violation of federal or state law; and

12. Damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 U.S.C. Sections 1801 et seq.) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws.

D. **We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

E. **We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding, or suit we defend:

1. Reasonable expenses incurred at our request, but not loss of earnings;

2. Premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under this insurance;

3. Litigation costs taxed against you;

4. Interest on a judgment as required by law until we offer the amount due under this insurance; and

5. Expenses we incur.

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

**WC 00 00 00 C**                WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 1-15)

F.  **Other Insurance**

We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

G.  **Limits of Liability**

Our liability to pay for damages is limited. Our limits of liability are shown in Item 3.B. of the Information Page. They apply as explained below.

1.  Bodily Injury by Accident. The limit shown for "bodily injury by accident—each accident" is the most we will pay for all damages covered by this insurance because of bodily injury to one or more employees in any one accident.

    A disease is not bodily injury by accident unless it results directly from bodily injury by accident.

2.  Bodily Injury by Disease. The limit shown for "bodily injury by disease—policy limit" is the most we will pay for all damages covered by this insurance and arising out of bodily injury by disease, regardless of the number of employees who sustain bodily injury by disease. The limit shown for "bodily injury by disease—each employee" is the most we will pay for all damages because of bodily injury by disease to any one employee.

    Bodily injury by disease does not include disease that results directly from a bodily injury by accident.

3.  We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

H.  **Recovery From Others**

We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them.

I.  **Actions Against Us**

There will be no right of action against us under this insurance unless:

1.  You have complied with all the terms of this policy; and

2.  The amount you owe has been determined with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability. The bankruptcy or insolvency of you or your estate will not relieve us of our obligations under this Part.

### PART THREE
### OTHER STATES INSURANCE

A.  **How This Insurance Applies**

1.  This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.

2.  If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

3.  We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

4.  If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

B.  **Notice**

Tell us at once if you begin work in any state listed in Item 3.C. of the Information Page.

### PART FOUR
### YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1.  Provide for immediate medical and other services required by the workers compensation law.

2.  Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3.  Promptly give us all notices, demands and legal

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

Case 1:22-cv-00225-SKO   Document 22   Filed 12/02/22   Page 33 of 56
WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY   WC 00 00 00 C

(Ed. 1-15)

papers related to the injury, claim, proceeding or suit.

4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5. Do nothing after an injury occurs that would interfere with our right to recover from others.

6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

## PART FIVE—PREMIUM

### A. Our Manuals

All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

### B. Classifications

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

### C. Remuneration

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and

2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

### D. Premium Payments

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid.

### E. Final Premium

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

1. If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.

2. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force, and increased by our short-rate cancelation table and procedure. Final premium will not be less than the minimum premium.

### F. Records

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

### G. Audit

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

**WC 00 00 00 C**                    WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 1-15)

## PART SIX—CONDITIONS

A. **Inspection**

We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

B. **Long Term Policy**

If the policy period is longer than one year and sixteen days, all provisions of this policy will apply as though a new policy were issued on each annual anniversary that this policy is in force.

C. **Transfer of Your Rights and Duties**

Your rights or duties under this policy may not be transferred without our written consent.

If you die and we receive notice within thirty days after your death, we will cover your legal representative as insured.

D. **Cancelation**

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancelation notice.

4. Any of these provisions that conflict with a law that controls the cancelation of the insurance in this policy is changed by this statement to comply with the law.

E. **Sole Representative**

The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium, and give or receive notice of cancelation.

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**    WC 00 04 04

(Ed. 4-84)

### PENDING RATE CHANGE ENDORSEMENT

A rate change filing is being considered by the proper regulatory authority. The filing may result in rates different from the rates shown on the policy. If it does, we will issue an endorsement to show the new rates and their effective date.

If only one state is shown in Item 3.A. of the Information Page, this endorsement applies to that state. If more than one state is shown there, this endorsement applies only in the state shown in the Schedule.

Schedule

<u>State</u>

Applies to all states listed in 3.A. with the exception of CA, IL, NM, MN, MO & TX (if those states are included in 3.A.)

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Date: 02/01/2021    Policy No. SATIS0396700    Endorsement No.

Policy Effective Date:  02/01/2021 to 02/01/2022    Premium $

Insured: Cornerstone Community Alcohol and Other Drug Recovery System

　　　　 DBA: Kings Gospel Mission

Carrier Name / Code: Service American Indemnity Company

**WC 00 04 04**
(Ed. 4-84)

Countersigned by _____

© 1983 National Council on Compensation Insurance.

**Page 1 of 1**

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**    WC 00 04 19

(Ed. 1-01)

### PREMIUM DUE DATE ENDORSEMENT

This endorsement is used to amend:

Section D. of Part Five of the policy is replaced by this provision.

### PART FIVE
### PREMIUM

**D.    Premium** is amended to read:

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid. **The due date for audit and retrospective premiums is the date of the billing.**

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Date: 02/01/2021    Policy No. SATIS0396700    Endorsement No.

Policy Effective Date: 02/01/2021 to 02/01/2022    Premium $

Insured: Cornerstone Community Alcohol and Other Drug Recovery System

DBA: Kings Gospel Mission

Carrier Name / Code: Service American Indemnity Company

**WC 00 04 19**
(Ed. 1-01)    Countersigned by _____

© 2000 National Council on Compensation Insurance, Inc.

**Page 1 of 1**

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**                    **WC 00 04 21 E**

(Ed. 01-21)

### Catastrophe (Other Than Certified Acts of Terrorism) Premium Endorsement

This endorsement is notification that your insurance carrier is charging premium to cover the losses that may occur in the event of a Catastrophe (Other Than Certified Acts of Terrorism) as that term is defined below. Your policy provides coverage for workers compensation losses caused by a Catastrophe (Other Than Certified Acts of Terrorism). This premium charge does not provide funding for Certified Acts of Terrorism contemplated under the Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement (WC 00 04 22 C), attached to this policy.

For purposes of this endorsement, the following definitions apply:

- Catastrophe (Other Than Certified Acts of Terrorism): Any single event, resulting from an Earthquake, Noncertified Act of Terrorism, or Catastrophic Industrial Accident, which results in aggregate workers compensation losses in excess of $50 million.
- Earthquake: The shaking and vibration at the surface of the earth resulting from underground movement along a fault plane or from volcanic activity.
- Noncertified Act of Terrorism: An event that is not certified as an Act of Terrorism by the Secretary of the Treasury pursuant to the Terrorism Risk Insurance Act of 2002 (as amended) but that meets all of the following criteria:
  - a. It is an act that is violent or dangerous to human life, property, or infrastructure;
  - b. The act results in damage within the United States, or outside of the United States in the case of the premises of United States missions or air carriers or vessels as those terms are defined in the Terrorism Risk Insurance Act of 2002 (as amended); and
  - c. It is an act that has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.
- Catastrophic Industrial Accident: A chemical release, large explosion, or small blast that is localized in nature and affects workers in a small perimeter the size of a building.

The premium charge for the coverage your policy provides for workers compensation losses caused by a Catastrophe (Other Than Certified Acts of Terrorism) is shown in Item 4 of the Information Page or in the Schedule below.

### Schedule

| State | Rate | Premium |
|-------|------|---------|

See Schedule

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Date: 02/01/2021    Policy No. SATIS0396700    Endorsement No.

Policy Effective Date: 02/01/2021    to 02/01/2022    Premium $

Insured: Cornerstone Community Alcohol and Other Drug Recovery System

　　　DBA: Kings Gospel Mission

Carrier Name / Code: Service American Indemnity Company

**WC 00 04 21 E**
(Ed. 01-21)                    Countersigned by _____

© Copyright 2020 National Council on Compensation Insurance, Inc. All Rights Reserved.                    Page 1 of 1

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**    WC 00 04 22 C

(Ed. 01-21)

**Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement**

This endorsement addresses the requirements of the Terrorism Risk Insurance Act of 2002 as amended and extended by the Terrorism Risk Insurance Program Reauthorization Act of 2019. It serves to notify you of certain limitations under the Act, and that your insurance carrier is charging premium for losses that may occur in the event of an Act of Terrorism.

Your policy provides coverage for workers compensation losses caused by Acts of Terrorism, including workers compensation benefit obligations dictated by state law. Coverage for such losses is still subject to all terms, definitions, exclusions, and conditions in your policy, and any applicable federal and/or state laws, rules, or regulations.

**Definitions**

The definitions provided in this endorsement are based on and have the same meaning as the definitions in the Act. If words or phrases not defined in this endorsement are defined in the Act, the definitions in the Act will apply.

"Act" means the Terrorism Risk Insurance Act of 2002, which took effect on November 26, 2002, and any amendments thereto, including any amendments resulting from the Terrorism Risk Insurance Program Reauthorization Act of 2019.

"Act of Terrorism" means any act that is certified by the Secretary of the Treasury, in consultation with the Secretary of Homeland Security, and the Attorney General of the United States, as meeting all of the following requirements:

a. The act is an act of terrorism.
b. The act is violent or dangerous to human life, property, or infrastructure.
c. The act resulted in damage within the United States, or outside of the United States in the case of the premises of United States missions or certain air carriers or vessels.
d. The act has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

"Insured Loss" means any loss resulting from an act of terrorism (and, except for Pennsylvania, including an act of war, in the case of workers compensation) that is covered by primary or excess property and casualty insurance issued by an insurer if the loss occurs in the United States or at the premises of United States missions or to certain air carriers or vessels.

"Insurer Deductible" means, for the period beginning on January 1, 2021, and ending on December 31, 2027, an amount equal to 20% of our direct earned premiums during the immediately preceding calendar year.

**WC 00 04 22 C**          **WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

(Ed. 01-21)

**Limitation of Liability**

The Act limits our liability to you under this policy. If aggregate Insured Losses exceed $100,000,000,000 in a calendar year and if we have met our Insurer Deductible, we are not liable for the payment of any portion of the amount of Insured Losses that exceeds $100,000,000,000; and for aggregate Insured Losses up to $100,000,000,000, we will pay only a pro rata share of such Insured Losses as determined by the Secretary of the Treasury.

**Policyholder Disclosure Notice**

1. Insured Losses would be partially reimbursed by the United States Government. If the aggregate industry Insured Losses occurring in any calendar year exceed $200,000,000, the United States Government would pay 80% of our Insured Losses that exceed our Insurer Deductible.
2. Notwithstanding item 1 above, the United States Government will not make any payment under the Act for any portion of Insured Losses that exceed $100,000,000,000.
3. The premium charge for the coverage your policy provides for Insured Losses is included in the amount shown in Item 4 of the Information Page or in the Schedule below.

**Schedule**

| State | Rate | Premium |
|-------|------|---------|
| | See Schedule | |

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Date: 02/01/2021    Policy No. SATIS0396700    Endorsement No.

Policy Effective Date: 02/01/2021   to 02/01/2022    Premium $

Insured: Cornerstone Community Alcohol and Other Drug Recovery System

       DBA: Kings Gospel Mission

Carrier Name / Code: Service American Indemnity Company

**WC 00 04 22 C**
(Ed. 01-21)

Countersigned by _____

© Copyright 2020 National Council on Compensation Insurance, Inc. All Rights Reserved.       **Page 2 of 2**

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**       WC 04 03 01 D

(Ed. 02-18)

## POLICY AMENDATORY ENDORSEMENT–CALIFORNIA

It is agreed that, anything in the policy to the contrary notwithstanding, such insurance as is afforded by this policy by reason of the designation of California in Item 3 of the Information Page is subject to the following provisions:

1.  **Minors Illegally Employed – Not Insured.** This policy does not cover liability for additional compensation imposed on you under Section 4557, Division IV, Labor Code of the State of California, by reason of injury to an employee under sixteen years of age and illegally employed at the time of injury.

2.  **Punitive or Exemplary Damages – Uninsurable.** This policy does not cover punitive or exemplary damages where insurance of liability therefor is prohibited by law or contrary to public policy.

3.  **Increase in Indemnity Payment – Reimbursement.** You are obligated to reimburse us for the amount of increase in indemnity payments made pursuant to Subdivision (d) of Section 4650 of the California Labor Code, if the late indemnity payment which gives rise to the increase in the amount of payment is due less than seven (7) days after we receive the completed claim form from you. You are obligated to reimburse us for any increase in indemnity payments not covered under this policy and will reimburse us for any increase in indemnity payment not covered under the policy when the aggregate total amount of the reimbursement payments paid in a policy year exceeds one hundred dollars ($100).

    If we notify you in writing, within 30 days of the payment, that you are obligated to reimburse us, we will bill you for the amount of increase in indemnity payment and collect it no later than the final audit. You will have 60 days, following notice of the obligation to reimburse, to appeal the decision of the insurer to the Department of Insurance.

4.  **Application of Policy.** Part One, "Workers Compensation Insurance", A, "How This Insurance Applies", is amended to read as follows:

    This workers compensation insurance applies to bodily injury by accident or disease, including death resulting therefrom. Bodily injury by accident must occur during the policy period. Bodily injury by disease must be caused or aggravated by the conditions of your employment. Your employee's exposure to those conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5.  **Rate Changes.** The premium and rates with respect to the insurance provided by this policy by reason of the designation of California in Item 3 of the Information Page are subject to change if ordered by the Insurance Commissioner of the State of California pursuant to Section 11737 of the California Insurance Code.

6.  **Long Term Policy.** If this policy is written for a period longer than one year, all the provisions of this policy shall apply separately to each consecutive twelve-month period or, if the first or last consecutive period is less than twelve months, to such period of less than twelve months, in the same manner as if a separate policy had been written for each consecutive period.

7.  **Statutory Provision.** Your employee has a first lien upon any amount which becomes owing to you by us on account of this policy, and in the case of your legal incapacity or inability to receive the money and pay it to the claimant, we will pay it directly to the claimant.

8.  Part Five, "Premium", E, "Final Premium", is amended to read as follows:

    The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

    If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

    a.  If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.
    b.  If you cancel, final premium may be more than pro rata; it will be based on the time this policy was in force, and may be increased by our short-rate cancelation table and procedure. Final premium will not be less than the pro rata share of the minimum premium.

**WC 04 03 01 D**                    WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

**(Ed. 02-18)**

It is further agreed that this policy, including all endorsements forming a part thereof, constitutes the entire contract of insurance. No condition, provision, agreement, or understanding not set forth in this policy or such endorsements shall affect such contract or any rights, duties, or privileges arising therefrom.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Date: 02/01/2021    Policy No. SATIS0396700        Endorsement No.

Policy Effective Date:  02/01/2021 to 02/01/2022                Premium $

Insured: Cornerstone Community Alcohol and Other Drug Recovery System

      DBA: Kings Gospel Mission

Carrier Name / Code: Service American Indemnity Company

**WC 04 03 01 D**
**(Ed. 02-18)**                    Countersigned by _____

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 04 04 22

(Ed. 01-12)

## CALIFORNIA SHORT-RATE CANCELATION ENDORSEMENT

It is agreed that, anything in the policy to the contrary not withstanding, such insurance as is afforded by this policy by reason of the designation of California in Item 3 of the Information Page is subject to the following provisions:

If you cancel the policy and a disclosure was provided in accordance with Section 481(c) of the California Insurance Code, final premium will be based on the time this policy was in force and increased by the short-rate cancelation table below:

## SHORT RATE CANCELATION TABLE

| Days In Policy Period | Short Rate Percentages | Factor to Apply to Earned Premium for Period Policy in Effect | Days in Policy Period | Short Rate Percentages | Factor to Apply to Earned Premium for Period Policy in Effect | Days in Policy Period | Short Rate Percentages | Factor to Apply to Earned Premium for Period Policy in Effect |
|---|---|---|---|---|---|---|---|---|
| 1 | 5% | 18.2482 | 46 | 23% | 1.8250 | 91 | 35% | 1.4038 |
| 2 | 6 | 10.9489 | 47 | 23 | 1.7861 | 92 | 36 | 1.4283 |
| 3 | 7 | 8.5158 | 48 | 24 | 1.8250 | 93 | 36 | 1.4129 |
| 4 | 7 | 6.3869 | 49 | 24 | 1.7877 | 94 | 36 | 1.3979 |
| 5 | 8 | 5.8394 | 50 | 24 | 1.7520 | 95 | 37 | 1.4216 |
| 6 | 8 | 4.8662 | 51 | 24 | 1.7176 | 96 | 37 | 1.4068 |
| 7 | 9 | 4.6924 | 52 | 25 | 1.7548 | 97 | 37 | 1.3923 |
| 8 | 9 | 4.1058 | 53 | 25 | 1.7216 | 98 | 37 | 1.3781 |
| 9 | 10 | 4.0552 | 54 | 25 | 1.6899 | 99 | 38 | 1.4010 |
| 10 | 10 | 3.6496 | 55 | 26 | 1.7255 | 100 | 38 | 1.3870 |
| 11 | 11 | 3.6496 | 56 | 26 | 1.6947 | 101 | 38 | 1.3733 |
| 12 | 11 | 3.3455 | 57 | 26 | 1.6650 | 102 | 38 | 1.3598 |
| 13 | 12 | 3.3689 | 58 | 26 | 1.6362 | 103 | 39 | 1.3820 |
| 14 | 12 | 3.1283 | 59 | 27 | 1.6704 | 104 | 39 | 1.3688 |
| 15 | 13 | 3.1630 | 60 | 27 | 1.6425 | 105 | 39 | 1.3557 |
| 16 | 13 | 2.9653 | 61 | 27 | 1.6156 | 106 | 40 | 1.3774 |
| 17 | 14 | 3.0056 | 62 | 27 | 1.5895 | 107 | 40 | 1.3645 |
| 18 | 14 | 2.8386 | 63 | 28 | 1.6222 | 108 | 40 | 1.3519 |
| 19 | 15 | 2.8818 | 64 | 28 | 1.5969 | 109 | 40 | 1.3395 |
| 20 | 15 | 2.7377 | 65 | 28 | 1.5723 | 110 | 41 | 1.3605 |
| 21 | 16 | 2.7812 | 66 | 29 | 1.6038 | 111 | 41 | 1.3482 |
| 22 | 16 | 2.6547 | 67 | 29 | 1.5799 | 112 | 41 | 1.3362 |
| 23 | 17 | 2.6980 | 68 | 29 | 1.5566 | 113 | 41 | 1.3243 |
| 24 | 17 | 2.5856 | 69 | 29 | 1.5341 | 114 | 42 | 1.3447 |
| 25 | 17 | 2.4821 | 70 | 30 | 1.5643 | 115 | 42 | 1.3330 |
| 26 | 18 | 2.5270 | 71 | 30 | 1.5423 | 116 | 42 | 1.3215 |
| 27 | 18 | 2.4334 | 72 | 30 | 1.5208 | 117 | 43 | 1.3414 |
| 28 | 18 | 2.3465 | 73 | 30 | 1.5000 | 118 | 43 | 1.3301 |
| 29 | 18 | 2.2656 | 74 | 31 | 1.5291 | 119 | 43 | 1.3189 |
| 30 | 19 | 2.3117 | 75 | 31 | 1.5087 | 120 | 43 | 1.3079 |
| 31 | 19 | 2.2371 | 76 | 31 | 1.4888 | 121 | 44 | 1.3273 |
| 32 | 19 | 2.1672 | 77 | 32 | 1.5169 | 122 | 44 | 1.3164 |
| 33 | 20 | 2.2121 | 78 | 32 | 1.4974 | 123 | 44 | 1.3057 |
| 34 | 20 | 2.1471 | 79 | 32 | 1.4785 | 124 | 44 | 1.2951 |
| 35 | 20 | 2.0857 | 80 | 32 | 1.4600 | 125 | 45 | 1.3140 |
| 36 | 20 | 2.0278 | 81 | 33 | 1.4870 | 126 | 45 | 1.3036 |
| 37 | 21 | 2.0716 | 82 | 33 | 1.4689 | 127 | 45 | 1.2933 |
| 38 | 21 | 2.0171 | 83 | 33 | 1.4512 | 128 | 46 | 1.3117 |
| 39 | 21 | 1.9654 | 84 | 34 | 1.4774 | 129 | 46 | 1.3016 |
| 40 | 21 | 1.9162 | 85 | 34 | 1.4600 | 130 | 46 | 1.2916 |
| 41 | 22 | 1.9585 | 86 | 34 | 1.4430 | 131 | 46 | 1.2817 |
| 42 | 22 | 1.9119 | 87 | 34 | 1.4264 | 132 | 47 | 1.2996 |
| 43 | 22 | 1.8674 | 88 | 35 | 1.4517 | 133 | 47 | 1.2899 |
| 44 | 23 | 1.9079 | 89 | 35 | 1.4354 | 134 | 47 | 1.2802 |
| 45 | 23 | 1.8655 | 90 | 35 | 1.4194 | 135 | 47 | 1.2708 |

© Copyright 2011 by the Workers Compensation Insurance Rating Bureau of California. All rights reserved. From the WCIRB's California Workers' Compensation Insurance Forms Manual ©2001

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 04 04 22

(Ed. 01-12)

## SHORT RATE CANCELATION TABLE (cont'd)

| Days in Policy Period | Short Rate Percentages | Factor to Apply to Earned Premium for Period Policy in Effect | Days in Policy Period | Short Rate Percentages | Factor to Apply to Earned Premium for Period Policy in Effect | Days in Policy Period | Short Rate Percentages | Factor to Apply to Earned Premium for Period Policy in Effect |
|---|---|---|---|---|---|---|---|---|
| 136 | 48% | 1.2882 | 181 | 60% | 1.2099 | 226 | 70% | 1.1305 |
| 137 | 48 | 1.2788 | 182 | 60 | 1.2033 | 227 | 70 | 1.1255 |
| 138 | 48 | 1.2696 | 183 | 61 | 1.2167 | 228 | 70 | 1.1206 |
| 139 | 49 | 1.2867 | 184 | 61 | 1.2101 | 229 | 71 | 1.1317 |
| 140 | 49 | 1.2775 | 185 | 61 | 1.2035 | 230 | 71 | 1.1267 |
| 141 | 49 | 1.2684 | 186 | 61 | 1.1970 | 231 | 71 | 1.1219 |
| 142 | 49 | 1.2595 | 187 | 61 | 1.1906 | 232 | 71 | 1.1170 |
| 143 | 50 | 1.2762 | 188 | 62 | 1.2037 | 233 | 72 | 1.1279 |
| 144 | 50 | 1.2674 | 189 | 62 | 1.1974 | 234 | 72 | 1.1231 |
| 145 | 50 | 1.2586 | 190 | 62 | 1.1910 | 235 | 72 | 1.1183 |
| 146 | 50 | 1.2500 | 191 | 62 | 1.1848 | 236 | 72 | 1.1136 |
| 147 | 51 | 1.2663 | 192 | 63 | 1.1977 | 237 | 72 | 1.1089 |
| 148 | 51 | 1.2578 | 193 | 63 | 1.1914 | 238 | 73 | 1.1195 |
| 149 | 51 | 1.2493 | 194 | 63 | 1.1853 | 239 | 73 | 1.1149 |
| 150 | 52 | 1.2653 | 195 | 63 | 1.1792 | 240 | 73 | 1.1102 |
| 151 | 52 | 1.2569 | 196 | 63 | 1.1732 | 241 | 73 | 1.1056 |
| 152 | 52 | 1.2487 | 197 | 64 | 1.1858 | 242 | 74 | 1.1161 |
| 153 | 52 | 1.2405 | 198 | 64 | 1.1798 | 243 | 74 | 1.1115 |
| 154 | 53 | 1.2562 | 199 | 64 | 1.1739 | 244 | 74 | 1.1070 |
| 155 | 53 | 1.2481 | 200 | 64 | 1.1680 | 245 | 74 | 1.1025 |
| 156 | 53 | 1.2401 | 201 | 65 | 1.1804 | 246 | 74 | 1.0980 |
| 157 | 54 | 1.2554 | 202 | 65 | 1.1745 | 247 | 75 | 1.1083 |
| 158 | 54 | 1.2475 | 203 | 65 | 1.1687 | 248 | 75 | 1.1038 |
| 159 | 54 | 1.2396 | 204 | 65 | 1.1630 | 249 | 75 | 1.0994 |
| 160 | 54 | 1.2319 | 205 | 65 | 1.1573 | 250 | 75 | 1.0950 |
| 161 | 55 | 1.2469 | 206 | 66 | 1.1694 | 251 | 76 | 1.1052 |
| 162 | 55 | 1.2392 | 207 | 66 | 1.1638 | 252 | 76 | 1.1008 |
| 163 | 55 | 1.2316 | 208 | 66 | 1.1582 | 253 | 76 | 1.0964 |
| 164 | 55 | 1.2241 | 209 | 66 | 1.1526 | 254 | 76 | 1.0921 |
| 165 | 56 | 1.2388 | 210 | 67 | 1.1645 | 255 | 76 | 1.0878 |
| 166 | 56 | 1.2313 | 211 | 67 | 1.1590 | 256 | 77 | 1.0979 |
| 167 | 56 | 1.2240 | 212 | 67 | 1.1535 | 257 | 77 | 1.0936 |
| 168 | 57 | 1.2384 | 213 | 67 | 1.1481 | 258 | 77 | 1.0893 |
| 169 | 57 | 1.2311 | 214 | 67 | 1.1428 | 259 | 77 | 1.0851 |
| 170 | 57 | 1.2238 | 215 | 68 | 1.1544 | 260 | 77 | 1.0810 |
| 171 | 57 | 1.2167 | 216 | 68 | 1.1491 | 261 | 78 | 1.0908 |
| 172 | 58 | 1.2308 | 217 | 68 | 1.1438 | 262 | 78 | 1.0866 |
| 173 | 58 | 1.2237 | 218 | 68 | 1.1385 | 263 | 78 | 1.0825 |
| 174 | 58 | 1.2167 | 219 | 69 | 1.1500 | 264 | 78 | 1.0784 |
| 175 | 58 | 1.2097 | 220 | 69 | 1.1448 | 265 | 79 | 1.0881 |
| 176 | 59 | 1.2236 | 221 | 69 | 1.1396 | 266 | 79 | 1.0840 |
| 177 | 59 | 1.2167 | 222 | 69 | 1.1345 | 267 | 79 | 1.0800 |
| 178 | 59 | 1.2098 | 223 | 69 | 1.1294 | 268 | 79 | 1.0759 |
| 179 | 60 | 1.2235 | 224 | 70 | 1.1406 | 269 | 79 | 1.0719 |
| 180 | 60 | 1.2167 | 225 | 70 | 1.1356 | 270 | 80 | 1.0815 |

© Copyright 2011 by the Workers Compensation Insurance Rating Bureau of California. All rights reserved. From the WCIRB's California Workers' Compensation Insurance Forms Manual ©2001

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 04 04 22

(Ed. 01-12)

## SHORT RATE CANCELATION TABLE (cont'd)

| Days in Policy Period | Short Rate Percentages | Factor to Apply to Earned Premium for Period Policy in Effect | Days in Policy Period | Short Rate Percentages | Factor to Apply to Earned Premium for Period Policy in Effect | Days in Policy Period | Short Rate Percentages | Factor to Apply to Earned Premium for Period Policy in Effect |
|---|---|---|---|---|---|---|---|---|
| 271 | 80% | 1.0775 | 316 | 90% | 1.0396 | 361 | 100% | 1.0111 |
| 272 | 80 | 1.0735 | 317 | 90 | 1.0363 | 362 | 100 | 1.0083 |
| 273 | 80 | 1.0696 | 318 | 90 | 1.0330 | 363 | 100 | 1.0055 |
| 274 | 81 | 1.0790 | 319 | 90 | 1.0298 | 364 | 100 | 1.0027 |
| 275 | 81 | 1.0751 | 320 | 91 | 1.0380 | 365 | 100 | 1.0000 |
| 276 | 81 | 1.0712 | 321 | 91 | 1.0347 | | | |
| 277 | 81 | 1.0673 | 322 | 91 | 1.0315 | | | |
| 278 | 81 | 1.0635 | 323 | 91 | 1.0283 | | | |
| 279 | 82 | 1.0728 | 324 | 92 | 1.0364 | | | |
| 280 | 82 | 1.0689 | 325 | 92 | 1.0332 | | | |
| 281 | 82 | 1.0651 | 326 | 92 | 1.0301 | | | |
| 282 | 82 | 1.0614 | 327 | 92 | 1.0269 | | | |
| 283 | 83 | 1.0705 | 328 | 92 | 1.0238 | | | |
| 284 | 83 | 1.0667 | 329 | 93 | 1.0318 | | | |
| 285 | 83 | 1.0630 | 330 | 93 | 1.0286 | | | |
| 286 | 83 | 1.0593 | 331 | 93 | 1.0255 | | | |
| 287 | 83 | 1.0556 | 332 | 93 | 1.0224 | | | |
| 288 | 84 | 1.0646 | 333 | 94 | 1.0303 | | | |
| 289 | 84 | 1.0609 | 334 | 94 | 1.0272 | | | |
| 290 | 84 | 1.0572 | 335 | 94 | 1.0242 | | | |
| 291 | 84 | 1.0536 | 336 | 94 | 1.0211 | | | |
| 292 | 85 | 1.0625 | 337 | 94 | 1.0181 | | | |
| 293 | 85 | 1.0589 | 338 | 95 | 1.0259 | | | |
| 294 | 85 | 1.0553 | 339 | 95 | 1.0229 | | | |
| 295 | 85 | 1.0517 | 340 | 95 | 1.0198 | | | |
| 296 | 85 | 1.0481 | 341 | 95 | 1.0169 | | | |
| 297 | 86 | 1.0569 | 342 | 95 | 1.0139 | | | |
| 298 | 86 | 1.0534 | 343 | 96 | 1.0216 | | | |
| 299 | 86 | 1.0498 | 344 | 96 | 1.0186 | | | |
| 300 | 86 | 1.0463 | 345 | 96 | 1.0156 | | | |
| 301 | 86 | 1.0429 | 346 | 96 | 1.0127 | | | |
| 302 | 87 | 1.0515 | 347 | 97 | 1.0203 | | | |
| 303 | 87 | 1.0480 | 348 | 97 | 1.0174 | | | |
| 304 | 87 | 1.0446 | 349 | 97 | 1.0145 | | | |
| 305 | 87 | 1.0411 | 350 | 97 | 1.0116 | | | |
| 306 | 88 | 1.0497 | 351 | 97 | 1.0087 | | | |
| 307 | 88 | 1.0462 | 352 | 98 | 1.0162 | | | |
| 308 | 88 | 1.0429 | 353 | 98 | 1.0133 | | | |
| 309 | 88 | 1.0395 | 354 | 98 | 1.0105 | | | |
| 310 | 88 | 1.0361 | 355 | 98 | 1.0076 | | | |
| 311 | 89 | 1.0445 | 356 | 99 | 1.0150 | | | |
| 312 | 89 | 1.0412 | 357 | 99 | 1.0122 | | | |
| 313 | 89 | 1.0379 | 358 | 99 | 1.0094 | | | |
| 314 | 89 | 1.0346 | 359 | 99 | 1.0065 | | | |
| 315 | 90 | 1.0429 | 360 | 99 | 1.0038 | | | |

© Copyright 2011 by the Workers Compensation Insurance Rating Bureau of California. All rights reserved. From the WCIRB's California Workers' Compensation Insurance Forms Manual ©2001

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

WC 04 04 22

**(Ed. 01-12)**

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Date: 02/01/2021     Policy No. SATIS0396700          Endorsement No.

Policy Effective Date:  02/01/2021 to 02/01/2022                    Premium $

Insured: Cornerstone Community Alcohol and Other Drug Recovery System
         DBA: Kings Gospel Mission
Carrier Name / Code: Service American Indemnity Company

**WC 04 04 22**
(Ed. 01-12)                                      Countersigned by _____

Ⓒ Copyright 2011 by the Workers Compensation Insurance Rating Bureau of California. All rights reserved. From the WCIRB's California Workers' Compensation Insurance Forms Manual Ⓒ2001

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**                    WC 04 06 01 A

(Ed. 12-93)

## CALIFORNIA CANCELATION ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because California is shown in Item 3.A. of the Information Page.

The cancelation condition in Part Six (Conditions) of the policy is replaced by these conditions:

**Cancelation**

1.  You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2.  We may cancel this policy for one or more of the following reasons:

    **a.** Non-payment of premium;

    **b.** Failure to report payroll;

    **c.** Failure to permit us to audit payroll as required by the terms of this policy or of a previous policy issued by us;

    **d.** Failure to pay any additional premium resulting from an audit of payroll required by the the terms of this policy or any previous policy issued by us;

    **e.** Material misrepresentation made by you or your agent;

    **f.** Failure to cooperate with us in the investigation of a claim;

    **g.** Failure to comply with Federal or State safety orders;

    **h.** Failure to comply with written recommendations of our designated loss control representatives;

    **i.** The occurrence of a material change in the ownership of your business;

    **j.** The occurrence of any change in your business or operations that materially increases the hazard for frequency or severity of loss;

    **k.** The occurrence of any change in your business or operation that requires additional or different classification for premium calculation;

    **l.** The occurrence of any change in your business or operation which contemplates an activity excluded by our reinsurance treaties;

3.  If we cancel your policy for any of the reasons listed in (a) through (f), we will give you 10 days advance written notice, stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in item 1 of the Information Page will be sufficient to prove notice. If we cancel your policy for any reasons listed in items (g) through (l), we will give you 30 days advance written notice; however, we agree that in the event of cancelation and reissuance of a policy effective upon a material change in ownership or operations, notice will not be provided.

4.  The policy period will end on the day and hour stated in the cancelation notice.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Date: 02/01/2021     Policy No. SATIS0396700          Endorsement No.

Policy Effective Date:  02/01/2021 to 02/01/2022                    Premium $

Insured: Cornerstone Community Alcohol and Other Drug Recovery System

        DBA: Kings Gospel Mission

Carrier Name / Code: Service American Indemnity Company

                                      Countersigned by _____

**WC 04 06 01 A**
(Ed. 12-93)

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 04 06 04

(Ed. 09-20)

## COVID-19 REPORTING REQUIREMENT ENDORSEMENT-CALIFORNIA

In addition to the requirements under Part 4, "Your Duties if Injury Occurs" of your policy, if you have five or more employees and an employee that is not described in California Labor Code section 3212.87 tests positive for COVID-19, you are required to report the following information as provided below.

### Reporting COVID-19 Positive Tests from July 6, 2020 to September 17, 2020

Pursuant to California Labor Code Section 3212.88(k)(2), if you are aware of an employee testing positive for COVID-19 on or after July 6, 2020 and prior to September 17, 2020, you must report to your claims administrator in writing via electronic mail or facsimile within 30 business days of September 17, 2020, all of the following:

(1) An employee has tested positive. For purposes of this reporting, do not provide any personally identifiable information regarding the employee who tested positive for COVID-19 unless the employee asserts the infection is work related or has filed a claim form pursuant to California Labor Code Section 5401.

(2) The date that the employee tests positive, which is the date the specimen was collected for testing.

(3) The specific address or addresses of the employee's specific place of employment during the 14-day period preceding the date of the employee's positive test.

(4) The highest number of employees who reported to work at each of the employee's specific places of employment on any given work day between July 6, 2020 and September 17, 2020

### Reporting COVID-19 Positive Tests from September 17, 2020 to January 1, 2023

Pursuant to California Labor Code Section 3212.88(i), when you know, or reasonably should know, that an employee has tested positive for COVID-19 between September 17, 2020 and January 1, 2023, you must report to your claims administrator in writing via electronic mail or facsimile within 3 business days all of the following:

(1) An employee has tested positive. For purposes of this reporting, do not provide any personally identifiable information regarding the employee who tested positive for COVID-19 unless the employee asserts the infection is work related or has filed a claim form pursuant to California Labor Code Section 5401.

(2) The date that the employee tests positive, which is the date the specimen was collected for testing.

(3) The specific address or addresses of the employee's specific place of employment during the 14-day period preceding the date of the employee's positive test.

(4) The highest number of employees who reported to work at the employee's specific place of employment in the 45-day period preceding the last day the employee worked at each specific place of employment.

Labor Code Section 3212.88(j) states that the intentional submission of false or misleading information or the failure to report the above information as required may subject you to a civil penalty in the amount of up to $10,000 to be assessed by the Labor Commissioner.

For the purposes of these reporting requirements, California Labor Code Section 3212.88(m) provides the following:

(1) "COVID-19" means the 2019 novel coronavirus disease.

(2) "Test" or "testing" means a PCR (Polymerase Chain Reaction) test approved for use or approved for emergency use by the United States Food and Drug Administration to detect the presence of viral RNA. "Test" or "testing" does not include serologic testing, also known as antibody testing. "Test" or "testing" may include any other viral culture test approved for use or approved for emergency use by the United States Food and Drug Administration to detect the presence of viral RNA which has the same or higher sensitivity and specificity as the PCR Test.

WC 04 06 04
(Ed. 09-20)

**WC 04 06 04**                              **WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

(Ed. 09-20)

(3)  "A specific place of employment" means the building, store, facility, or agricultural field where an employee performs work at the employer's direction. "A specific place of employment" does not include the employee's home or residence, unless the employee provides home health care services to another individual at the employee's home or residence.

**Note:**

This endorsement is only applicable until January 1, 2023, unless the repeal date of California Labor Code Section 3212.88 is extended.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Date: 02/01/2021     Policy No. SATIS0396700          Endorsement No.

Policy Effective Date: 02/01/2021   to 02/01/2022                          Premium $

Insured: Cornerstone Community Alcohol and Other Drug Recovery System
        DBA: Kings Gospel Mission
   Carrier Name / Code: Service American Indemnity Company

**WC 04 06 04**
(Ed. 09-20)                                      Countersigned by _____

PN 04 99 01 H

(Ed. 05-20)

## POLICYHOLDER NOTICE
### YOUR RIGHT TO RATING AND DIVIDEND INFORMATION

**I.    Information Available to You**

**A.    Information Available from Us – Service American Indemnity Company**

(1) General questions regarding your policy should be directed to:

**Service American Indemnity Company**
**P.O. Box 26850 Austin, TX 78755**
**833-294-0968**
**www.serviceamerican.com**

(2) **Dividend Calculation.** If this is a participating policy (a policy on which a dividend may be paid), upon payment or non-payment of a dividend, we shall provide a written explanation to you that sets forth the basis of the dividend calculation. The explanation will be in clear, understandable language and will express the dividend as a dollar amount and as a percentage of the earned premium for the policy year on which the dividend is calculated.

(3) **Claims Information.** Pursuant to Sections 3761 and 3762 of the California Labor Code, you are entitled to receive information in our claim files that affects your premium. Copies of documents will be supplied at your expense during reasonable business hours.

For claims covered under this policy, we will estimate the ultimate cost of unsettled claims for statistical purposes eighteen months after the policy becomes effective and will report those estimates to the Workers' Compensation Insurance Rating Bureau of California (WCIRB) no later than twenty months after the policy becomes effective. The cost of any settled claims will also be reported at that time. At twelve-month intervals thereafter, we will update and report to the WCIRB the estimated cost of any unsettled claims and the actual final cost of any claims settled in the interim. The amounts we report will be used by the WCIRB to compute your experience modification if you are eligible for experience rating.

**B.    Information Available from the Workers' Compensation Insurance Rating Bureau of California**

(1) The WCIRB is a licensed rating organization and the California Insurance Commissioner's designated statistical agent. As such, the WCIRB is responsible for administering the *California Workers' Compensation Uniform Statistical Reporting Plan—1995* (USRP) and the *California Workers' Compensation Experience Rating Plan—1995* (ERP). WCIRB contact information is: WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Customer Service; 888.229.2472 (phone); 415.778.7272 (fax); and customerservice@wcirb.com (email). The regulations contained in the USRP and ERP are available for public viewing through the WCIRB's website at wcirb.com.

(2) **Policyholder Information.** Pursuant to California Insurance Code (CIC) Section 11752.6, upon written request, you are entitled to information relating to loss experience, claims, classification assignments, and policy contracts as well as rating plans, rating systems, manual rules, or other information impacting your premium that is maintained in the records of the WCIRB. Complaints and Requests for Action requesting policyholder information should be forwarded to: WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Custodian of Records. The Custodian of Records can be reached at 415.777.0777 (phone) and 415.778.7272 (fax).

(3) **Experience Rating Form.** Each experience rated risk may receive a single copy of its current Experience Rating Form/Worksheet free of charge by completing a Policyholder Experience Rating Worksheet Request Form on the WCIRB's website at wcirb.com/ratesheet. The Experience Rating Form/Worksheet will include a Loss-Free Rating, which is the experience modification that would have been calculated if $0 (zero) actual losses were incurred during the experience period. This hypothetical rating calculation is provided for informational purposes only.

**II.    Dispute Process**

You may dispute our actions or the actions of the WCIRB pursuant to CIC Sections 11737 and 11753.1.

**A.    Our Dispute Resolution Process.**

If you are aggrieved by our decision adopting a change in a classification assignment that results in increased premium, or by the application of our rating system to your workers' compensation insurance, you may dispute these matters with us. If you are dissatisfied with the outcome of the initial dispute with us, you may send us a written Complaint and Request for Action as outlined below.]

You may send us a written Complaint and Request for Action requesting that we reconsider a change in a classification assignment that results in an increased premium and/or requesting that we review the manner in which our rating system has been applied in connection with the insurance afforded or offered you. Written Complaints and Requests for Action should be forwarded to:

| | |
|---|---|
| **Service American Indemnity Company** | **Phone:** 833-294-0968 |
| **P.O. Box 26850 Austin, TX 78755** | **Website:** www.serviceamerican.com |

PN 04 99 01 H

(Ed. 05-20)

After you send your Complaint and Request for Action, we have 30 days to send you a written notice indicating whether or not your written request will be reviewed. If we agree to review your request, we must conduct the review and issue a decision granting or rejecting your request within 60 days after sending you the written notice granting review. If we decline to review your request, if you are dissatisfied with the decision upon review, or if we fail to grant or reject your request or issue a decision upon review, you may appeal to the Insurance Commissioner as described in paragraph II.C., below.

B.   **Disputing the Actions of the WCIRB.** If you have been aggrieved by any decision, action, or omission to act of the WCIRB, you may request, in writing, that the WCIRB reconsider its decision, action, or omission to act. You may also request, in writing, that the WCIRB review the manner in which its rating system has been applied in connection with the insurance afforded or offered you. For requests related to classification disputes, the reporting of experience, or coverage issues, your initial request for review must be received by the WCIRB within 12 months after the expiration date of the policy to which the request for review pertains, except if the request involves the application of the Revision of Losses rule. For requests related to your experience modification, your initial request for review must be received by the WCIRB within 6 months after the issuance, or 12 months after the expiration date, of the experience modification to which the request for review pertains, whichever is later, except if the request for review involves the application of the Revision of Losses rule. If the request involves the Revision of Losses rule, the time to state your appeal may be longer. (See Section VI, Rule 7 of the ERP).

You may commence the review process by sending the WCIRB a written Inquiry. Written Inquiries should be sent to: WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Customer Service. Customer Service can be reached at 888.229.2472 (phone), 415.778.7272 (fax) and customerservice@wcirb.com (email).

If you are dissatisfied with the WCIRB's decision upon an Inquiry, or if the WCIRB fails to respond within 90 days after receipt of the Inquiry, you may pursue the subject of the Inquiry by sending the WCIRB a written Complaint and Request for Action. After you send your Complaint and Request for Action, the WCIRB has 30 days to send you written notice indicating whether or not your written request will be reviewed. If the WCIRB agrees to review your request, it must conduct the review and issue a decision granting or rejecting your request within 60 days after sending you the written notice granting review. If the WCIRB declines to review your request, if you are dissatisfied with the decision upon review, or if the WCIRB fails to grant or reject your request or issue a decision upon review, you may appeal to the Insurance Commissioner as described in paragraph II.C., below. Written Complaints and Requests for Action should be forwarded to: WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Complaints and Reconsideration. The WCIRB's contact information is 888.229.2472 (phone), 415.371.5204 (fax) and customerservice@wcirb.com (email).

C.   **California Department of Insurance – Appeals to the Insurance Commissioner.** After you follow the appropriate dispute resolution process described above, if (1) we or the WCIRB decline to review your request, (2) you are dissatisfied with the decision upon review, or (3) we or the WCIRB fail to grant or reject your request or issue a decision upon review, you may appeal to the Insurance Commissioner pursuant to CIC Sections 11737, 11752.6, 11753.1 and Title 10, California Code of Regulations, Section 2509.40 et seq. You must file your appeal within 30 days after we or the WCIRB send you the notice rejecting review of your Complaint and Request for Action or the decision upon your Complaint and Request for Action. If no written decision regarding your Complaint and Request for Action is sent, your appeal must be filed within 120 days after you sent your Complaint and Request for Action to us or to the WCIRB. The filing address for all appeals to the Insurance Commissioner is:

Administrative Hearing Bureau
California Department of Insurance
1901 Harrison Street, 3rd Floor
Oakland, CA 94612
415.538.4243

You have the right to a hearing before the Insurance Commissioner, and our action, or the action of the WCIRB, may be affirmed, modified or reversed.

III.   **Resources Available to You in Obtaining Information and Pursuing Disputes**

A.   **Policyholder Ombudsman.** Pursuant to California Insurance Code Section 11752.6, a policyholder ombudsman is available at the WCIRB to assist you in obtaining and evaluating the rating, policy, and claims information referenced in I.A. and I.B., above. The ombudsman may advise you on any dispute with us, the WCIRB, or on an appeal to the Insurance Commissioner pursuant to Section 11737 of the Insurance Code. The address of the policyholder ombudsman is WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Policyholder Ombudsman. The policyholder ombudsman can be reached at 415.778.7159 (phone), 415.371.5288 (fax) and ombudsman@wcirb.com (email).

B.   **California Department of Insurance – Information and Assistance.** Information and assistance on policy questions can be obtained from the Department of Insurance Consumer HOTLINE, 800.927.HELP (4357) or insurance.ca.gov. For questions and correspondence regarding appeals to the Administrative Hearing Bureau, see the contact information in paragraph II.C.

This notice does not change the policy to which it is attached.

PN 04 99 02 B

(Ed. 05-02)

## POLICYHOLDER NOTICE

### CALIFORNIA WORKERS' COMPENSATION
### INSURANCE RATING LAWS

Pursuant to Section 11752.8 of the California Insurance Code, we are providing you with an explanation of the California workers' compensation rating laws.

1.  We establish our own rates for workers' compensation. Our rates, rating plans, and related information are filed with the insurance commissioner and are open for public inspection.

2.  The insurance commissioner can disapprove our rates, rating plans, or classifications only if he or she has determined after public hearing that our rates might jeopardize our ability to pay claims or might create a monopoly in the market. A monopoly is defined by law as a market where one insurer writes 20% or more of that part of the California workers' compensation insurance that is not written by the State Compensation Insurance Fund. If the insurance commissioner disapproves our rates, rating plans, or classifications, he or she may order an increase in the rates applicable to outstanding policies.

3.  Rating organizations may develop pure premium rates that are subject to the insurance commissioner's approval. A pure premium rate reflects the anticipated cost and expenses of claims per $100 of payroll for a given classification. Pure premium rates are advisory only, as we are not required to use the pure premium rates developed by any rating organization in establishing our own rates.

4.  We must adhere to a single, uniform experience rating plan. If you are eligible for experience rating under the plan, we will be required to adjust your premium to reflect your claim history. A better claim history generally results in a lower experience rating modification; more claims, or more expensive claims, generally result in a higher experience rating modification. The uniform experience rating plan, which is developed by the insurance rating organization designated by the insurance commissioner, is subject to approval by the insurance commissioner.

5.  A standard classification system, developed by the insurance rating organization designated by the insurance commissioner, is subject to approval by the insurance commissioner. The standard classification system is a method of recognizing and separating policyholders into industry or occupational groups according to their similarities and/or differences. We can adopt and apply the standard classification system or develop and apply our own classification system, provided we can report the payroll, expenses, and other costs of claims in a way that is consistent with the uniform statistical plan or the standard classification system.

6.  Our rates and classifications may not violate the Unruh Civil Rights Act or be unfairly discriminatory.

7.  We will provide an appeal process for you to appeal the way we rate your insurance policy. The process requires us to respond to your written appeal within 30 days. If you are not satisfied with the result of your appeal, you may appeal our decision to the insurance commissioner.

### California Workers' Compensation Insurance
### Notice of Nonrenewal

Section 11664 of the California Insurance Code requires us, in most instances, to provide you with a notice of nonrenewal. Except as specified in paragraphs 1 through 6 below, if we elect to nonrenew your policy, we are required to deliver or mail to you a written notice stating the reason or reasons for the nonrenewal of the policy. The notice is required to be sent to you no earlier than 120 days before the end of the policy period and no later than 30 days before the end of the policy period. If we fail to provide you the required notice, we are required to continue the coverage under the policy with no change in the premium rate until 60 days after we provide you with the required notice.

PN 04 99 02 B

(Ed. 05-02)

We are not required to provide you with a notice of nonrenewal in any of the following situations:

1.  Your policy was transferred or renewed without a change in its terms or conditions or the rate on which the premium is based to another insurer or other insurers who are members of the same insurance group as us.

2.  The policy was extended for 90 days or less and the required notice was given prior to the extension.

3.  You obtained replacement coverage or agreed, in writing, within 60 days of the termination of the policy, to obtain that coverage.

4.  The policy is for a period of no more than 60 days and you were notified at the time of issuance that it may not be renewed.

5.  You requested a change in the terms or conditions or risks covered by the policy within 60 days prior to the end of the policy period.

6.  We made a written offer to you to renew the policy at a premium rate increase of less than 25 percent.

    (A) If the premium rate in your governing classification is to be increased 25 percent or greater and we intend to renew the policy, we shall provide a written notice of a renewal offer not less than 30 days prior to the policy renewal date. The governing classification shall be determined by the rules and regulations established in accordance with California Insurance Code Section 11750.3(c).

    (B) For purposes of this Notice, "premium rate" means the cost of insurance per unit of exposure prior to the application of individual risk variations based on loss or expense considerations such as scheduled rating and experience rating.

This notice does not change the policy to which it is attached.

PN 04 99 04

(Ed. 12-01)

**POLICYHOLDER NOTICE**

**CALIFORNIA INSURANCE GUARANTEE ASSOCIATION (CIGA) SURCHARGE**

Companies writing property and casualty insurance business in California are required to participate in the California Insurance Guarantee Association. If a company becomes insolvent, the California Insurance Guarantee Association settles unpaid claims and assesses each insurance company for its fair share.

California law requires all companies to surcharge policies to recover these assessments.  If your policy is surcharged, "CA Surcharge" or "CA Surcharge (CIGA Surcharge)" with an amount will be displayed on your premium notice.

This notice does not change the policy to which it is attached.

PN 04 99 06 D

(Ed. 01-20)

## POLICYHOLDER NOTICE
### PAYROLL RECORD AND AUDIT REQUIREMENTS FOR
### DUAL WAGE CONSTRUCTION OR ERECTION CLASSIFICATIONS

Your policy includes one or more construction or erection classifications. Dual wage classifications are pairs of classifications that describe the same construction or erection operation yet are assigned based upon whether the employee's hourly wage is above or below a specified threshold. Each pair of dual wage classifications contains one "high wage" classification that is assignable to payrolls earned by employees whose regular hourly wage equals or exceeds a specified wage threshold and one "low wage" classification that is assignable to payrolls earned by employees whose regular hourly wage is less than the specified threshold.

**Payroll Record Requirements**
The assignment of a high wage classification is contingent on verifying that the employee's hourly wage equals or exceeds the specified wage threshold. The determination of the regular hourly wage for any non-salaried employee must be supported by one of the following sources:

- Original time cards or time book entries for each employee. Original records must include the operations performed, the total hours worked each day and the times the employee started and ended each work period throughout the workday. At job locations where all of the employer's operations cease for a uniform unpaid meal period, recording the start and stop times of the uniform break period is not required.

- A valid collective bargaining agreement that shows the regular hourly wage rate by job classification of a worker. If using a collective bargaining agreement, the records must include an employee roster by job classification that permits the reconciliation of individual employees to the job classifications set forth in the collective bargaining agreement.

The non-salaried employee's regular hourly wage shall be determined by dividing that employee's total remuneration by the hours worked during the pay period, irrespective of whether the employee is paid on an hourly, piecework, production or commission basis.

The payroll earned by any non-salaried employees for whom the records specified above are not maintained and/or made available will be assigned to the low wage classification that describes the operations performed.

The regular hourly wage of salaried employees is determined by dividing the total annual remuneration by 2000 hours. If an employee is salaried for less than 12 months, the regular hourly wage for the salaried period is calculated on a prorated basis.

**Audit Requirements**
If your policy has an effective date on or after January 1, 2020 and produces a final premium of $10,500 or more, a physical audit is required at least once a year; if it produces a final premium of less than $10,500 and develops payroll in a high wage classification, a physical audit of the policy is required unless the policy is a renewal and a physical audit was completed for one of the two immediately preceding policy periods. A "physical audit" is defined as an audit of payroll, whether conducted at the policyholder's location or at a remote site, that is based upon an auditor's examination of the policyholder's books of accounts and original payroll records (in either electronic or hard copy form) as necessary to determine and verify the exposure amounts by classification.

If you hold a C-39 Roofing Contractor license from the California Contractors State License Board, a physical audit is required on the complete policy period of each policy regardless of the amount of final premium. See California Insurance Code Section 11665(a) for additional requirements regarding the audit of C-39 license holders.

PN 04 99 08

(Ed. 12-19)

## POLICYHOLDER NOTICE

### CALIFORNIA ASSEMBLY BILL NO. 5, INDEPENDENT CONTRACTORS

**Summary of Assembly Bill No. 5 (AB 5)**
For the purposes of wages, workers' compensation and other benefits, AB 5 creates a presumption that an entity's workers are employees unless the hiring entity can show that the worker meets three conditions, known as the "ABC Test". With respect to workers' compensation, AB 5 goes into effect on **July 1, 2020** and applies to policies issued on or after **July 1, 2020**, as well as policies in force as of **July 1, 2020**.

The bill adds Section 2750.3 to the California Labor Code, which provides in pertinent part:

**2750.3.**
(a)(1) For purposes of the provisions of this code and the Unemployment Insurance Code, and for the wage orders of the Industrial Welfare Commission, a person providing labor or services for remuneration shall be considered an employee rather than an independent contractor unless the hiring entity demonstrates that all of the following conditions are satisfied:

(A) The person is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact.

(B) The person performs work that is outside the usual course of the hiring entity's business.

(C) The person is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed.

(2) Notwithstanding paragraph (1), any exceptions to the terms "employee," "employer," "employ," or "independent contractor," and any extensions of employer status or liability, that are expressly made by a provision of this code, the Unemployment Insurance Code, or in an applicable order of the Industrial Welfare Commission, including, but not limited to, the definition of "employee" in subdivision 2(E) of Wage Order No. 2, shall remain in effect for the purposes set forth therein.

(3) If a court of law rules that the three-part test in paragraph (1) cannot be applied to a particular context based on grounds other than an express exception to employment status as provided under paragraph (2), then the determination of employee or independent contractor status in that context shall instead be governed by the California Supreme Court's decision in *S.G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341.

AB 5 also provides an extensive list of occupations that are exempt from the application of Section 2750.3(a)(1). These exemptions are subject to revision. In addition, AB 5 amends Section 3351 of the California Labor Code and Sections 606.5 and 621 of the Unemployment Insurance Code. The pertinent sections of the California Labor Code and Unemployment Insurance Code may be accessed at http://leginfo.legislature.ca.gov. You may also access the California Labor & Workforce Development Agency webpage at https://www.labor.ca.gov/employmentstatus/ for more information.

This notice does not change the policy to which it is attached.

**PROOF OF SERVICE**

That I am a citizen of the United States, over 18 years of age, and not a party to the within action.  That my business address is 219 North Douty Street, Hanford, CA 93230.

On December 2, 2022, I served the foregoing document described as **SECOND AMENDED COMPLAINT FOR BREACH OF WRITTEN CONTRACT; EQUITABLE ESTOPPEL; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; NEGLIGENT PERFORMANCE OF CONTRACT; DECLARATORY JUDGMENT; PROFESSIONAL NEGLIGENCE** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Kenneth D. Watnick, Esq.<br>Thomas J. Kearney, Esq.<br>Anderson McPharlin & Conners<br>707 Wilshire Blvd, Ste 4000<br>Los Angeles, CA 90017<br>E-Mail: kdw@amclaw.com<br>E-Mail: tjk@amclaw.com<br>E-Mail: jkk@amclaw.com<br><br>Attorneys for Defendant,<br>Arthur J. Gallagher & Co. | Anthony Giles, Esq.<br>Law Office of Anthony Giles<br>One Sansome Street, Ste 3500<br>San Francisco, CA 94104<br>E-Mail: anthony@anthonygiles.com<br>E-Mail: sfadg743@gmail.com<br><br><br><br>Attorneys for Defendant,<br>Service American Indemnity Company |

☒    **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 2, 2022, in Hanford, California.


_____
MALARIE MORAN