UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNERSTONE COMMUNITY ALCOHOL AND OTHER DRUG RECOVERY SYSTEM dba KINGS GOSPEL MISSION, a Nonprofit Organization,<br><br>    Plaintiff,<br><br>    v.<br><br>SERVICE AMERICAN INDEMNITY COMPANY, an Oklahoma Corporation; TANGRAM INSURANCE SERVICES, INC., a California Corporation; ARTHUR J. GALLAGHER & CO., an Illinois Corporation; and DOES 1 THROUGH 50, inclusive,<br><br>    Defendants. | Case No.: 1:22-cv-00225-SKO<br><br>**ORDER GRANTING DEFENDANT ARTHUR J. GALLAGHER & CO.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AS TO DEFENDANT ARTHUR J. GALLAGHER & CO.**<br><br>**[Doc. 23]**<br><br>**ORDER DIRECTING CLERK OF COURT TO TERMINATE CASE** |

**I.  Introduction**

On October 28, 2021, Plaintiff Cornerstone Community Alcohol And Other Drug Recovery System, dba Kings Gospel Mission, ("Cornerstone") commenced this action in the Kings County Superior Court against Defendants Service American Indemnity Company ("SAIC"), Tangram Insurance Services, Inc., ("Tangram"), and Arthur J. Gallagher & Co. ("Gallagher"). On December 2, 2021, Plaintiff filed a First Amended Complaint ("FAC"),

1  voluntarily dismissing Defendant Tangram.  The FAC alleged five causes of action: breach of
2  contract, equitable estoppel, breach of implied covenant of good faith and fair dealing, negligent
3  performance of contract, and declaratory judgment.  On February 22, 2022, Defendant Gallagher
4  removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3), as this Court has
5  original jurisdiction over Plaintiff's claims based on diversity pursuant to 28 U.S.C. § 1332.
6  (Doc. 1.)

7  On March 1, 2022, Defendant Gallagher filed a motion to dismiss the FAC pursuant to
8  Fed. R. Civ. P. Rule 12(b)(6) based on failure to state a claim.  (Doc. 6.)  Following briefing by
9  the parties, on November 2, 2022, the Court granted the motion to dismiss.[1] (Doc. 21.)  Plaintiff
10 was granted leave to amend the first claim for breach of contract and the fifth claim for
11 declaratory judgment as to Defendant Gallagher.

12 On December 2, 2022, Plaintiff filed a Second Amended Complaint ("SAC").  (Doc. 22.)
13 As to Defendant Gallagher, the SAC alleges claims for breach of implied contract and
14 professional negligence.  On December 14, 2022, Defendant Gallagher filed a motion to dismiss.
15 (Doc. 23.)  Plaintiff filed an opposition on December 28, 2022, and Defendant filed a reply on
16 January 5, 2023. (Docs. 25, 26.)

17 On February 6, 2023, Plaintiff and Defendant SAIC filed a joint stipulation and proposed
18 order for dismissal with prejudice. (Doc. 28.)  On February 7, 2023, the Court directed the Clerk
19 of Court to terminate Defendant SAIC from the case, leaving Defendant Gallagher as the sole
20 remaining defendant.

21 **II.    Factual Background**

22 According to the SAC, Plaintiff maintained worker's compensation insurance as required
23 by California law. Plaintiff's insurance broker for the five years preceding this action was The
24 Merriam Agency, an entity which was later acquired by Gallagher.  Defendant Gallagher operated
25 as Plaintiff's insurance broker, and Defendant Gallagher's insurance agent was Jon Barron

---

[1] All parties having consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), on September 22, 2022, the case was reassigned to the undersigned for all further proceedings. (Docs. 3, 16, 18, 19.)

("Barron").

On December 22, 2020, Gallagher employee Monique Wilson ("Wilson") contacted Plaintiff by email requesting that Plaintiff provide necessary documentation to effectuate renewal of Plaintiff's worker's compensation insurance policy for the year 2021.

On January 5, 2021, Plaintiff provided the requested documentation to Barron's office. On January 12, 2021, Wilson emailed Plaintiff to confirm that the documents requested had been received by Barron's office, and that Plaintiff's worker's compensation insurance coverage would renew effective February 1, 2021, with an annual premium of $11,892. On March 17, 2021, Plaintiff received from Gallagher employee Patty Knee a copy of Worker's Compensation Insurance Policy No. SATIS0396700 (the "Policy"), issued by Defendant SAIC. (Doc. 22 at 13-55.) The Policy indicated that coverage would commence on February 1, 2021, through February 1, 2022, and SAIC was the insurance carrier.

In May of 2021, an employee of Plaintiff experienced an on-the-job injury, and Plaintiff tendered a worker's compensation claim to Gallagher. On May 20, 2021, Barron emailed Plaintiff, stating that the Policy had lapsed and was cancelled due to alleged non-payment of premiums. Plaintiff forwarded Barron a copy of the Policy received on March 17, 2021, and advised Barron that it had not received any delinquent notices regarding non-payment of premiums.

Barron responded that there had been a "mix up," but he would see if the Policy could be reinstated. Barron later informed Plaintiff that reinstatement of the Policy with Defendant SAIC was not possible, and the claim would be denied for lack of coverage.

As a result of the cancellation of the Policy, Plaintiff was compelled to cover the full cost of the claim of the injured employee, expend funds to secure replacement coverage, and expend funds to defend an action brought by the employee before the California Worker's Compensation Appeals Board. Plaintiff was also placed at risk of incurring fines and penalties for not maintaining sufficient worker's compensation coverage.

/////

/////

**III.    Discussion**

    **A.    Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dep't. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Court may, however, properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In considering whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The court is not required to assume the truth of legal conclusions that are cast in the form of factual allegations. Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Although Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers more "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that defendants have violated the ... laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of L.A., 250 F.3d 668, 688–89 (9th Cir.2001).

**B.      Breach of Implied Contract**

Plaintiff claims that Plaintiff and Defendant Gallagher entered into a written contract whereby Gallagher, as an insurance broker, covenanted to tender to Plaintiff a valid and enforceable worker's compensation insurance policy if Plaintiff provided a completed application authorizing Gallagher to do so.  Plaintiff contends that it performed all or substantially all of the requirements of the contract.  Plaintiff claims that Gallagher failed to perform as promised by failing to acquire and deliver a valid, enforceable policy—instead providing an unenforceable insurance policy that Gallagher knew or reasonably should have known would not have been honored by the carrier.  Plaintiff contends that the Policy appeared in all respects facially valid as Gallagher represented; however, the Policy was in fact defective.

Defendant Gallagher contends that the claim fails as a matter of law because Plaintiff has not alleged facts supporting its contention that Gallagher breached its obligations.  Gallagher contends the SAC relies on the conclusory allegation that it agreed to provide an "enforceable" insurance policy.  Gallagher claims it performed what it was contracted to do, which was to obtain the SAIC policy that Gallagher provided to Plaintiff on March 17, 2021.  Gallagher states that Plaintiff admits in the SAC that the Policy was in fact cancelled due to Plaintiff's non-payment of premium, noting that in the SAC Plaintiff asserts that SAIC breached the Policy "by unilaterally canceling Plaintiff's worker's compensation insurance coverage." (Doc. 22 at 5.)

Gallagher further contends there are no allegations showing any causal connection between Gallagher's conduct and the cancellation of the Policy.

Plaintiff responds that Gallagher contracted to provide Plaintiff with an enforceable contract. Plaintiff contends Gallagher failed to fulfill its obligations by failing to provide a valid policy. Plaintiff alleges that Gallagher's actions had the appearance of conformity with its contractual obligations, but Gallagher did not perform as required because it provided Plaintiff an ineffective and unenforceable contract. Plaintiff maintains that Gallagher represented that the Policy had been successfully renewed when in fact that was not true.

Defendant Gallagher responds that there are no plausible allegations that it failed to fulfill its duty to assist Plaintiff in securing a policy. Gallagher states that SAIC cancelled the Policy after issuance because SAIC did not received the premium owed by Plaintiff for the Policy. Gallagher further contends there are no factual allegations that it impliedly agreed or promised to ensure that the Policy would remain in effect even if Plaintiff failed to pay the premium. Gallagher contends that the SAC does not allege that Gallagher engaged in any conduct that caused or was connected to Plaintiff's non-payment of premium, the cancellation of the Policy, or the dispute about whether SAIC provided proper notice of cancellation.

In federal court in California, to state a claim for a breach of contract, Plaintiff must sufficiently allege that: (1) a contract exists between the parties; (2) plaintiff performed his contractual duties or was excused from nonperformance; (3) defendant breached his contractual duties; and (4) plaintiff's damages were a result of the breach. Walters v. Fidelity Mortg. of Cal., Inc., No. 2:09-cv-3317 FCD-KJM, 2010 WL 1493131 at *7 (E.D.Cal. Aug.14, 2010); Oasis West Realty, LLC v. Goldman, 124 Cal. Rptr. 3d 1115, 1121 (Cal. 2011). A cause of action for breach of an implied contract "has the same elements as . . . breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct." Yari v. Producers Guild of Am., Inc., 161 Cal. App. 4th 172, 182, 73 Cal. Rptr. 3d 803, 811 (2008) (citing Chandler v. Roach, 156 Cal.App.2d 435, 440, 319 P.2d 776 (1957)); see also Retired Emps. Assn. of Orange Cnty., Inc. v. Cnty. of Orange, 52 Cal. 4th 1171, 1178, 266 P.3d 287, 290 (2011) ("a contract implied in fact 'consists of obligations arising from a mutual agreement and intent to promise

where the agreement and promise have not been expressed in words'") (quoting Silva v. Providence Hospital of Oakland, 14 Cal.2d 762, 773 (1939)).

Under California law, all insurance brokers have a duty to "use reasonable care, diligence, and judgment in procuring the insurance requested." Pacific Rim Mech. Contractors, Inc. v. Aon Risk Ins. Servs. West, Inc., 138 Cal. Rptr. 3d 294, 297 (Cal. Ct. App. 2012). California also recognizes that a breach of contract cause of action arises where the agent or broker breaches an oral agreement to obtain insurance as requested by the client. Saunders v. Cariss, 224 Cal.App.3d 905, 909, 274 Cal.Rptr. 186 (Cal. 1990); see also AMCO Ins. Co. v. All Sols. Ins. Agency, LLC, 244 Cal. App. 4th 883, 890, 198 Cal. Rptr. 3d 687, 692 (Cal. 2016).

Plaintiff fails to set forth sufficient facts to state a plausible claim for breach of implied contract. First, Plaintiff has not plausibly alleged that Gallagher breached the contract. According to the facts presented, Gallagher procured a policy for Plaintiff from SAIC for the period from February 1, 2021, through February 1, 2022, and with an annual premium payment of $11,892. (Doc. 22 at 3, 13-55.) Plaintiff contends that Gallagher did not tender an "enforceable" contract, but instead tendered a "defective" contract. There are no facts to support this contention, and there are no facts from which this contention could be reasonably inferred. Rather, the facts as pled by Plaintiff show that the policy was as purported to be: a contract for the relevant period of time, with the coverage requested, and signed by the President and Secretary of SAIC. (Doc. 22 at 13-14.) Further, the SAC alleges that the policy was "unilaterally cancelled" by SAIC "due to Plaintiff's alleged nonpayment of insurance premiums." (Doc. 22 at 5-6.) Second, Plaintiff has not plausibly demonstrated causation. There are no facts from which the court can draw a reasonable inference that Plaintiff's damages were a result of Gallagher's actions or inactions. Rather, as noted above, the SAC alleges that Plaintiff suffered damages as a result of Defendant SAIC's action in unilaterally cancelling the contract due to the nonpayment of premiums.

Plaintiff has failed to set forth sufficient facts to state a plausible claim for breach of implied contract. Twombly, 550 U.S. at 570. Thus, the first cause of action against Gallagher must be dismissed.

//

**C.     Professional Negligence**

In its previous order dismissing the FAC, the Court dismissed Plaintiff's negligence claim against Defendant Gallagher. Plaintiff again raises a negligence cause of action against Defendant Gallagher, alleging a cause of action for professional negligence. Plaintiff again fails to establish a claim of negligence against Gallagher.

Plaintiff claims Gallagher negligently failed to provide a valid insurance policy. Plaintiff alleges that Gallagher breached its duty of care as a broker by misrepresenting that the policy was valid when in fact it was not.

A professional negligence claim must allege "(1) the defendant's legal duty of care towards the plaintiff, (2) the defendant's breach of that duty, (3) injury to the plaintiff as a proximate cause result of the breach, and (4) damage to the plaintiff." Jones v. Grewe, 189 Cal.App.3d 950, 954, 234 Cal.Rptr. 717 (1987) (citation omitted). An insurance agent or broker "assumes only those duties found in any agency relationship such as reasonable care, diligence, and judgment in procuring the insurance requested by an insured." Paper Savers, Inc. v. Nacsa, 51 Cal.App.4th 1090, 1095, 59 Cal.Rptr.2d 547 (1996). In rare instances, an insurance broker or agent may augment his duties to the insured if one of the following occurs: "(a) the agent misrepresents the nature, extent or scope of the coverage being offered or provided ..., (b) there is a request or inquiry by the insured for a particular type or extent of coverage ..., or (c) the agent assumes an additional duty by either express agreement or by holding himself out as having expertise in a given field of insurance being sought by the insured." Dairy Am., Inc. v. N.Y. Marine and Gen. Ins. Co., 2010 WL 1328740, at *7 (E.D. Cal. 2010).

It is undisputed that Plaintiff procured an insurance policy from SAIC, and that [policy was tendered to Plaintiff. Plaintiff makes no allegation that Gallagher misrepresented the nature, extent or scope of coverage being offered, that Gallagher offered a specific type of coverage, or that Gallagher assumed an additional duty. Plaintiff attempts to contend that Gallagher misrepresented the scope of coverage by claiming the policy was invalid when presented, and therefore, the actual coverage was zero. This is a separate argument, however.

The policy by all accounts set forth the coverages mutually agreed upon, for the term

mutually agreed upon, and signed by SAIC's President and Secretary. As previously discussed, there are no facts in support of the allegation that the policy was void or invalid, that Gallagher knew the policy was void or invalid, or that Gallagher should have known the policy was void or invalid, and there are no facts from which the Court can make such an inference. Rather, according to the SAC, the policy was unilaterally cancelled by SAIC for nonpayment of premiums.

To the extent that Plaintiff alleges Gallagher owed a duty to warn Plaintiff that the policy would be cancelled should Plaintiff fail to pay the premium, the claim fails. As previously discussed in the order dismissing the FAC, a similar situation was presented in Kotlar v. Hartford Fire Ins. Co., 83 Cal.App.4th 1116 (2000). In Kotlar, an insured landlord sued an insurer and insurance brokers for their failure to notify him of the cancellation of a commercial liability policy that the insurer had issued to plaintiff and his tenant. Id. When the tenant failed to pay premiums, the policy was cancelled. Id. at 1119. The plaintiff brought an action for breach of contract, negligence, and other causes of action for the defendants' failure to properly notify the insured landlord prior to cancelation. Id. at 1118-19. With respect to the plaintiff's negligence claim, the court upheld its dismissal finding "no case holding that an insurance broker owes a duty of care to a named insured to provide the named insured with notice of the insurer's intent to cancel the policy for nonpayment of premiums." Id. at 1123. As there is no authority for the contention that there is a duty for an insurance broker to advise the insured of the insurer's intent to cancel the policy, any claim that Gallagher negligently failed to warn Plaintiff of cancellation due to nonpayment of premiums must also fail.

**IV.     Leave to Amend**

Federal Rules of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could

not possibly be cured by the allegation of other facts." Id. at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g., 512 F.3d 522, 532 (9th Cir. 2008).

Plaintiff requests that leave to amend be granted. (Doc. 25 at 10.) Given that Plaintiff has been granted leave to amend the claims and no new material facts have been pled to support a plausible claim for relief against Defendant Gallagher, the Court finds that further amendment would be futile.

**V.     Conclusion and Order**

As set forth above, this Court GRANTS Defendant Gallagher's Motion to Dismiss (Doc. 23), dismissing Plaintiff's Second Amended Complaint as to Defendant Gallagher, without leave to amend. Insofar as Defendant Gallagher was the only remaining defendant in this case, the case is hereby TERMINATED.

IT IS SO ORDERED.

Dated:   **February 28, 2023**                    /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE